## J. H. Batte v. B. F. Chandler et al.

### (Case No. 939.)

1. Sheriff — Levy. — While it is not the duty of counsel for a plaintiff in execution to point out property for a sheriff to levy upon, yet, if he be applied to by the sheriff to indicate property from which to satisfy the execution, and withholds from the officer knowledge in his possession, which would enable him to make a levy, that fact would exonerate the officer from liability.

2. Evidence. — In a proceeding against a sheriff for failing to levy an execution which came to his hands in November, the tax rolls showing that the defendant in execution rendered no property for taxes on the first day of the preceding January, would be inadmissible in evidence.

3. Same — Evidence. — In such a proceeding the declarations of the defendant in execution, made after the return of execution, to the effect that

he had no property liable to levy while the execution was in the officer's hands, is irrelevant and inadmissible to prove that fact.

4. Evidence — Practice. — When evidence is offered which is not admissible for the general purposes of the trial, and exception is made to it on such ground, if the exception be overruled on the ground that such testimony is admissible for a special purpose and to a limited extent, the record should show that it was admitted only to the extent and for the purpose for which it is legitimately admissible.

Appeal from Cherokee. Tried below before the Hon. Peyton F. Edwards.

The character of the case is apparent from the opinion.

*Edwin W. Bush* for appellant.

I. It is error in the court to refuse to charge, at request of counsel, that it is no part of the duty of counsel for plaintiff in execution to point out property for a sheriff to levy upon, and if he does so, the sheriff only adopts it as his own act. But if the plaintiff or counsel withhold knowledge from the sheriff, it will exonerate the sheriff. Pasch. Dig., art. 3775; R. S., arts. 2287, 2288; Sayles' Practice, sec. 38.

II. The tax rolls are not competent evidence to rebut the statement of a witness as to the amount of property he owned on a given date or year.

*M. Priest, M. J. Whitman* and *R. H. Gwinn* for appellees.

Moore, Chief Justice.— Most of the grounds relied upon for the reversal of this judgment are not warranted by the record, or are so obviously unfounded that we need not consider or pass upon them. We will therefore confine ourselves in the disposal of this appeal to the ·questions presented which are warranted by the record, and which must control our judgment.

1. The court below was asked by appellant to instruct the jury, " that it is no part of the duty of counsel for plaintiff in execution to point out property for a sheriff to levy upon, and if he does so, the sheriff only adopts it as his own act. But if

the plaintiff or counsel withhold knowledge from the sheriff, it will exonerate the sheriff." This charge, however, the court declined to give. As appellee introduced evidence showing that he requested appellant's attorney to point out property upon which he should make a levy, and no property was pointed out by the attorney in pursuance of his request, we must infer that the failure of the attorney to comply with such request was one of the grounds relied upon by appellee for his defense before the jury. This being the case, the jury should have been instructed in regard to the law applicable to such an issue. The court may have supposed that this had been done in its general charge, and possibly the duty and liability of the sheriff under the circumstances indicated in the instruction asked may be correctly inferred from the charge. But certainly it cannot be said that it so clearly and definitely presented it as to warrant refusal of the instruction asked for by appellant.

2. The gravamen of this motion is the failure of appellee to levy an execution which came to his hands in November, 1878. To rebut testimony tending to prove that the defendant in execution was in possession of property subject to levy at the time the execution was placed in appellee's hands, the court admitted, over the objection of appellant, the tax rolls for the year 1878, which showed that the defendant in execution did not render for taxation in said year 1878, property of the character and description of that which the testimony in behalf of appellant tended to prove he owned in November of said year, when the execution came to the hands of appellee. This ruling, we think, is clearly erroneous. The tax rolls embrace only the property owned by the tax-payer on the first day of January of the year for which it was made; and certainly the fact that the defendant in execution did not own, on the first day of January, specific property, would not tend to prove that he did not own such in the following November.

3. The statements made by defendant in execution to appellee, after the return of the execution, which appellee was

permitted by the court to give in evidence, were subject to objection as hearsay, and were certainly inadmissible, unless for the purpose of impeaching the veracity of the defendant in execution, who had been previously examined as a witness in behalf of appellant. But it does not appear in the bill of exceptions that this was the object or purpose of its introduction. It seems to have been offered as pertinent evidence to the matters at issue between the parties. The objection that declarations or statements of the defendant in execution, after the return of the execution, that he had no property liable to levy while the execution was in the officer's hands, is assuredly irrelevant and inadmissible to prove that he had not such property. Where evidence is offered which is not admissible for the general purposes of the trial, and exception is made to it on such ground, if overruled because such testimony is admissible for a special purpose or to a limited extent, the record should show that it was admitted only to the extent and for the purpose for which it is legitimately admissible. ·

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 23, 1880.]