## G. C. & S. F. Ry. Co. v. Martha Calvert et al.

### No. 1302.

**1. Railway Company—Contributory Negligence.**

A railroad station agent while attempting to pass between cars in the station yard at a po.nt usually left open for that purpose was caught between the cars and injured. The bell on the engine moving the cars against him was not being rung at the time as required by city ordinance. Held, that contributory negligence or want of ordinary care on the part of the agent was not shown.

**2. Same—Evidence—Admission.**

The statement of a person soon after being mortally injured by a moving car, that he blamed no one but himself for the accident, is not conclusive proof that he failed to exercise ordinary care to avoid the injury, there being other evidence showing such care.

**3. Charge of Court Considered as Entirety.**

Where the charge of court, when considered as an entirety, gives a reasonably fair statement of the law applicable to the facts, it is not reversible error that some of its paragraphs, when considered separately, may be subject to criticism.

**4. Fellow Servants—Statute.**

A railroad station agent is not, under the statute, a fellow servant with the crew of a freight train engaged in moving cars in the station yard.

**5. Negligence—Failure to Ring Bell—Charge.**

The court correctly charged that a failure to ring the bell on a moving engine as required by city ordinance would constitute actionable negligence, if it was the proximate cause of the injury.

**6. City Ordinance—Secondary Evidence.**

Where the records of a city have been destroyed by fire, secondary evidence may be used to prove a city ordinance.

**7. Same—Ringing Bell of Engine.**

A city ordinance requiring engineers to keep the bell on their engines constantly

ringing while the engines are in motion within the city limits, although requiring
more than the statute in reference to crossing public highways (Rev. Stats., art.
4232), is reasonable and valid.

**8.  Negligence—Evidence.**

On an issue of negligence in failing to ring an engine bell, where the engineer
had testified that he was on the engine and rung the bell, it was competent for
plaintiffs to show by another witness that the engineer was not on the engine
at the time of the accident, although they had not so alleged in the petition.

APPEAL from Brown.  Tried below before Hon. J. O. WOODWARD.

*J. W. Terry,* for appellant.—1.  The court erred in refusing the
following special charge requested by the defendant:  "You are in-
structed that the uncontradicted evidence having shown that the death
of R. P. Calvert was the direct and proximate result of his own negli-
gence, you will return a verdict for the defendant."  Railway v. Dean,
76 Texas, 73; Railway v. Moss, 23 S. W. Rep., 475; Railway v. Brown,
2 Texas Civ. App., 204; Railway v. Hare, 23 S. W. Rep., 42; Rail-
way v. McKernan, 82 Texas, 204; Hogans v. Tyler, 17 S. E. Rep., 723;
Railway v. Raiford, 37 Am. & E. R. R. Cases, 481; ·Moore v. Railway,
34 N. E. Rep., 366; Wagner v. Truesdale, 55 N. W. Rep., 607.

2.  For analogous cases where it has been held contributory negligence
to attempt to pass in small space between cars or to climb over draw-
heads or platform, see Gurley v. Railway, 16 S. W. Rep., 11; Andrews v.
Railway (Ga.), 45 Am. & E. R. R. Cases, 171;  Hudson v. Railway,
14 S. W. Rep., 15; Railway v. Pinchin (Ind.), 31 Am. & E. R. R. Cases,
428; Brenner v. Railway, 46 Fed. Rep., 344; Railway v. Cass, 73 Ill., 394.

3.  Where the view is partially obstructed, greater care and vigilance
should be exercised by persons about to cross.  McBride v. Railway
(Oregon), 42 Am. & E. R. R. Cases, 146;  Beyel v. Railway
(W. Va.), 45 Am. & E. R. R. Cases, 188; Railway v. Townsend (Kans.),
35 Id., 352;  Thomas v. Railway (U. S. C. C.), 2 Id., 643;  Turner v. Rail-
way, 6 Id., 38 (74 Mo., 603.)

*Wilkinson & Rice,* for appellees.—1.  It was negligence per se for
the defendant company to disobey the city ordinance requiring the ring-
ing of a bell when running its engine or trains through said city.  Hays
v. Railway, 70 Texas, 602-607 (8 S. W. Rep., 491-494); Railway v. Nel-
son, 29 S. W. Rep. (Texas), 78-80; Bishop on Non-Contract Law, secs.
1026 and 1038; Keim v. Railway (Mo.), 2 S. W. Rep., 430; Hanlon v.
Railway (Mo.), 16 S. W. Rep., 234; Gratiot v. Railway (Mo.), 16 S. W.
Rep., 385-388; Dahlstrom v. Railway (Mo.), 18 S. W. Rep., 922-923;
Brannon v. Elmore (Mo.), 21 S. W. Rep., 452; Gratiot v. Railway (Mo.),
21 S. W. Rep., 1097; Schlereth v. Railway (Mo.), 21 S. W. Rep., 1114;
Thompson on Negligence, 588.

2.  When a railroad company lays down its tracks in a city or large
town, not within any inclosure, but on ground open to the public, the
mere fact that the rails are not laid over a public street or highway, but
on private property of the company, ought not to be held to relieve it

from its obligation to observe all reasonable municipal regulations as to the movement of its trains within the limits of the corporation. Defendant's yards being open to the public, the ordinance in question could not be held unreasonable on its face. Besides, such an ordinance is designed as well for the protection of those working in defendant's yards as for persons not so engaged. Merz v. Railway (Mo.), 1 S. W. Rep., 737-738; Bluedorn v. Railway (Mo.), 18 S. W. Rep., 1105-1106; Whitson v. City of Franklin, 34 Ind., 392; Crowley v. Railway, 65 Iowa, 658 (20 N. W. Rep., 467, and 22 N. W. Rep., 918).

3. Irrespective of the question of Calvert being an employee of the defendant, and in the discharge of his duties, the court did not err in assuming, if he did so, that he had a right to be at the place where he was injured; because the uncontradicted testimony showing, as it does, that the public were, and had been for years, in the habit of crossing the defendant's tracks at that point, with its knowledge and without its objection, its acquiescence in such use amounted to a license or permission to all persons to cross at that point; and imposed upon it the duty, as to all persons so crossing, to exercise reasonable care in the movement of its trains so as to protect them from injury. Railway v. Ryon, 70 Texas, 56-61 (7 S. W. Rep., 687); Railway v. Boozer, 70 Texas, 530-537 (8 S. W. Rep., 119); Railway v. Crosnoe, 72 Texas, 79 (10 S. W. Rep., 342); Shelb's Adm'r v. Railway, 3 S. W. Rep. (Ky.), 157 and note; Railway v. Schuster, 7 S. W. Rep. (Ky.), 874; Harriman v. Railway, 45 Ohio St., 11 (4 Am. St. Rep., 508 and note); Nichols v. Railway, 83 Va., 99 (5 Am. St. Rep., 257); Railway v. White, 84 Va., 49 (10 Am. St. Rep., 874); Byrne v. Railway, 10 N. E. Rep., 539; Barry v. Railway, 92 N. Y., 289 (44 Am. Rep., 377); Railway v. Snyder, 18 Ohio St., 399 (98 Am. Dec., 176); Davis v. Railway, 58 Wis., 646 (46 Am. Rep., 667).

KEY, ASSOCIATE JUSTICE.—Appellees, Martha Calvert, the mother, Mary Ann Calvert, the surviving wife, and Martha Calvert, junior, the minor daughter of R. P. Calvert, by her next friend, said Mary Ann Calvert, brought this suit against appellant to recover damages on account of the death of R. P. Calvert, alleging that the injuries which produced his death were caused by the negligence of the defendant company.

The testimony shows that appellant's railroad passes through Brownwood, an incorporated city; that appellant has a station within the limits of said city; that, at the time in question, appellant had three railroad tracks at said station, lying parallel to each other; that its freight depot was on the south side of said tracks and its passenger depot on the north side.

The middle track was used for storing empty cars; and, at the time in question, there was a string of cars on that track extending from Adams street over half way to Austin avenue, with, however, a small opening

between two of the cars between the two depots. R. P. Calvert was appellant's station agent at Brownwood, having charge of both depots and transacting, at said station, both its passenger and freight business.

For several years prior to and at the time of Calvert's death, the employes of appellant and the public were in the habit of passing across the railroad tracks at said depots, instead of going around and crossing at Adams street; and when cars were left on the storage track, appellant's employes who left them there, usually, though not always, left a space between them between the two depots for the convenience of appellant's employes at said station.

On June 4, 1893, a freight train reached Brownwood station, and R. P. Calvert directed its conductor to take out four of the empty cars on the storage track; and for that purpose the conductor caused the engine pulling four cars to be run on to said middle track west of Austin avenue, and when it struck the west end of the string of cars on said track it caused them to suddenly move and closed up the small gap between the two depots. Immediately before said opening was closed up, R. P. Calvert, while passing from the passenger to the freight depot, stepped into said opening, and, while attempting to pass between the draw-heads of the two cars, was caught, crushed and so injured as to cause his death. There, at that time, was a city ordinance requiring engineers to keep the bells on their engines constantly ringing while their engines were in motion within the limits of the city of Brownwood; and there is conflict in the testimony as to whether or not the ordinance was complied with in this instance. The evidence also shows that immediately before going between the cars, Calvert looked up the track towards Austin avenue. The foregoing contains a summary of some of the facts proved by uncontroverted evidence. The relationship of the plaintiffs to R. P. Calvert was proved as alleged; it is not claimed that the damages are excessive, and in all respects the verdict is supported by the testimony.

On the contested questions of fact the verdict of the jury involves, the testimony supports, and we therefore find, the following conclusions of fact:

1. Appellant's employes failed to ring the bell while moving an engine within the corporate limits of the city of Brownwood, as required by an ordinance of said city, and the failure so to do was the proximate cause of the death of R. P. Calvert.

2. It is not shown that said Calvert was guilty of contributory negligence on the occasion in question.

*Opinion.*—It is strenuously insisted by counsel for appellant that the judgment of the District Court should be reversed upon the proposition that the deceased was guilty of contributory negligence. We have reached a different conclusion.

The jury must have concluded, and there is testimony supporting that

conclusion, that the employes in charge of the engine failed to ring the bell, as required by ordinance. We must therefore consider that fact as established, and decide the question under consideration upon that basis. The testimony shows that the first words uttered by Calvert after he was taken from under the cars were, "Why were they not ringing the bell?" This utterance indicates that Calvert was listening for and depending upon the sound of the bell to give warning when the coupling was about to be made. Such warning it was the duty of appellant's employes in charge of the moving engine to give; and, although Calvert knew that the engine would soon be on the middle track and make the connection it did make, such knowledge did not apprise his of the fact or require him to suspect that the crew in charge of the engine would fail to perform a duty required by a written law.

The bell not ringing, and Calvert having looked immediately before going between the cars, and, presumably, having failed to discover the approach of an engine or car, if he believed, as he had the right to, and as the testimony indicates, that the bell would be rung before the connection was made, we are not prepared to say, that in attempting to cross the track, as he did, he did that which a man of ordinary prudence would not have done under like circumstances. It is true that one witness testified that soon after Calvert was hurt he heard him say that he did not blame anyone but himself; but such a statement, under such circumstances, does not conclusively prove that he failed to exercise ordinary care. He was mortally injured; probably realized that he must soon die, and that a higher degree of care than ordinary care would have saved his life; and the statement referred to may have been intended as self-censure for not exercising such high degree of care. Again, being near the supreme and awful hour of death, he may have felt disposed to forgive whatever wrong had been done him, and desired to shield from censure, and possibly loss of employment, the employes in charge of the engine.

Several objections are urged against the charge of the court; and complaint is also made because of the refusal of several special charges requested by appellant.

When considered separately some of its paragraphs may be subject to criticism, but considered as an entirety, we think the charge given is a reasonably fair statement of the law applicable to the facts. If appellant desired a fuller definition of negligence, it should have prepared such definition and requested the court to give it. The special charges, in so far as they correctly state the law and apply to the facts, appear to be covered by the charges given.

Under the act of the 22d Legislature defining who are and who are not fellow servants, Calvert was not a fellow servant with the train crew. Railway v. Bowles, 30 S. W. Rep., 89. The objection that this statute is unconstitutional because its object is not sufficiently expressed in its title, is without merit. Snyder v. Compton, 87 Texas, 374.

The charge, that a failure to ring the bell, as required by ordinance,

would constitute actionable negligence if it was the proximate cause of Calvert's death, was correct. Railway v. Kuehn, 70 Texas, 582; Railway v. Wilson, 60 Texas, 142; Railway v. Nelson, 29 S. W. Rep., 78.

The records of the city of Brownwood were shown to have been destroyed by fire; and, under the circumstances, the evidence offered to show the existence of an ordinance requiring engine bells to be rung while engines were moving within the city limits, was, in our opinion, admissible. 17 Am. & Eng. Enc. Law, 266, 267.

We think the ordinance in question was reasonable; and, although it requires more than the statute (art. 4232, Sayles' Civ. Stat.) regulating such matters, it does not conflict with the statute, and, in our opinion, is valid.

No error was committed in allowing the witness Jackson to testify that when the accident happened the engineer, Robinson, was down on the track and not on the engine. Robinson had testified as a witness for appellant, and had stated that he was on the engine acting as engineer; that his recollection was that the bell was rung. Such being his testimony, although the plaintiffs had not alleged in their petition that he was not on the engine, it was competent for them to prove it. Such proof might aid the jury in determining the weight to be given to the engineer's evidence.

No reversible error has been assigned, and we affirm the judgment of the court below.

*Affirmed.*

Delivered October 2, 1895.

Writ of error refused.