GULF, COLORADO & SANTA FE RAILWAY COMPANY ET AL. V.
J. F. HOLT.

Decided November 8, 1902.

**1.—Negligence—Evidence—Collision—Railroad Train and Street Car—Joint Defendants.**

In an action for personal injury resulting from a collision between a street car and a railway train, brought against both companies, and in which each defendant sought to cast responsibility for the accident upon the other, it was competent for the street car company to prove that the railway company kept no flagman at the crossing; that the train whistle was not blown, and the train was backing at the time, although the plaintiff had not alleged negligence in these respects.

**2.—Same—Charge Limiting Evidence.**

It was error, however, for the court to refuse a charge limiting the effect

of the evidence and instructing that, in determining the liability of the railway company to the plaintiff the jury should consider only the negligence alleged by him.

**3.—Same—Violating City Ordinance.**

The violation of a city ordinance regulating the operation of street cars is negligence per se, and the court should so instruct the jury.

**4.—City Ordinance—Judicial Notice.**

Where a duly authorized city ordinance was passed under a charter providing that the courts should take judicial notice of its provisions, and a new charter which repealed the old also authorized such an ordinance, but did not contain the provision as to judicial notice, the ordinance was not repealed, and the courts could continue to take judicial notice of the provision authorizing it.

**5.—Same—New Charter—Repealing Effect.**

A change of city charters does not affect existing ordinances in harmony with the new provisions.

**6.—Same—Street Car Regulations—Crossings.**

A city ordinance requiring the motormen of electric street cars in the city to stop their cars and ring their gongs at a distance of five feet from any intersection with a railroad track, is not unreasonable on its face.

**7.—Negligence—Concurring Negligence of Another.**

Where a passenger on a street car was injured through a collision of the car with a railway train, the street car company was liable if it was negligent and such negligence contributed to the injury, and it was immaterial that the negligence of the railway company may have also contributed thereto.

**8.—Bill of Exceptions—Approval of Judge.**

The appellate court will not consider a bill of exceptions not approved by the trial judge nor verified by the affidavits of bystanders as required by the statute.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*J. W. Terry, Alexander & Thompson,* and *Holloway & Holloway,* for appellants.

*Finley & Knight* and *F. M. Etheridge,* for appellee.

RAINEY, CHIEF JUSTICE.—The following statements of the nature of the case we take from appellee's brief:

"On the 14th day of October, 1899, appellee and his wife, Sophia Holt, were passengers on a car of the Rapid Transit Railway Company, a street railway company operated in the city of Dallas. They took passage on the car in the business portion of the city on Commerce street for the purpose of being transported to the fair grounds. At a point where said street railway line and the line of the Gulf, Colorado & Santa Fe Railway Company intersects and cross, to wit, on First avenue, a street in the city of Dallas, there was a collision of the street car and the cars of the said Gulf, Colorado & Santa Fe Railway Company, which were being run over its line and over and across said First avenue, and said Rapid Transit Railway Company's line. Mrs. Sophia Holt, wife of appellee, was thereby violently thrown from the street car in which she was seated, to the ground, and in consequence thereof received

serious personal injuries. This suit was instituted against the Gulf, Colorado & Santa Fe Railway Company and the Rapid Transit Railway Company to recover damages on account of the injuries sustained by Mrs. Holt in said collision."

The petition of the appellee charged that the collision and injuries received by Mrs. Holt were caused by the neglience of both the Gulf, Colorado & Santa Fe Railway Company and the Rapid Transit Railway Company. Each defendant answered separately; the Gulf, Colorado & Santa Fe Railway Company answered by general denial, and specially alleged that the collision and injuries were caused by the negligence of the Rapid Transit Railway Company. The Rapid Transit Railway Company answered by general denial, and especially alleged that the collision and injuries were caused by the negligence of the Gulf, Colorado & Santo Fe Railway Company. Neither of the defendants asked judgment over against the other in the event of a recovery by the plaintiff against it.

The trial of the case resulted in a verdict and judgment for $2500 in favor of the plaintiff against both of the defendants. Each of the defendants has perfected its appeal.

*Opinion.*—We will first consider the issues presented by the Gulf, Colorado & Santa Fe Railway Company. The only act of negligence on the part of said railway company on which appellee based the right to recover was alleged to be at that the servants run its train at a rate of speed more than seven miles per hour, the maximum limit prescribed by an ordinance of the city for the running of such trains.

Each appellant endeavored to cast the responsibility for the collision on the other. In furtherance of this the street railway introduced evidence that there was no flagman or watchman kept at the crossing where the collision occurred by the Gulf, Colorado & Santa Fe Railway Company, that the whistle of the locomotive was not blown, and that it was more dangerous to operate the train by backing it over the crossing than with the engine in front. All of this evidence was objected to by the Gulf, Colorado & Santa Fe Railway Company on the ground that it was not authorized by the pleading and was prejudicial. The objection was overruled by the court, which action is assigned as error. There was no error in admitting the testimony. The testimony was pertinent in behalf of the street railway for the purpose of casting the responsibility on the Gulf, Colorado & Santa Fe Railway Company, and relieving itself from liability, the pleadings of the street railway justifying its admission. While its admission was not authorized to show liability to plaintiff, the petition seeking to recover only for running the train at an excessive rate of speed, yet, being admissible for one purpose, its admission was not error. To protect itself from any prejudicial effect said testimony might have, as to liability to plaintiff, the Gulf, Colorado & Santa Fe Railway Company requested a special instruction to the effect that in determining its liability the jury should

not consider said testimony, but should confine their consideration to the "question whether or not the train was moving at a speed greater than seven miles per hour, or whether greater than ordinary care required." The Gulf, Colorado & Santa Fe Railway Company was entitled to such a charge, and the court having failed to so limit such testimony in its main charge, it was error to refuse the special charge. The court in its main charge instructed the jury to the effect that plaintiff could recover if the Gulf, Colorado & Santa Fe Company's train was being operated at a greater rate of speed than seven miles per hour and the injury directly resulted therefrom, and if they did not so find, the plaintiff could not recover. This was not sufficient to obviate the necessity of giving the special charge requested, the evidence on this issue being conflicting and not conclusive of its liability. Where there are several parties to the litigation, and testimony is admitted that is legitimate as to some and not so as to another and is prejudicial to that other, or if it is admitted for a special purpose and not for the general purposes of the trial, and exceptions are based on that ground, the evidence should be limited to the legitimate purpose for which it was admitted. Railway v. Poole, 53 Texas, 246; Batte v. Chandler, 53 Texas, 613; Cook v. Land Company, 6 Texas Civ. App., 326; Giddings v. Baker, 80 Texas, 308; Jackson v. Mumford, 74 Texas, 104; Keowne v. Love, 65 Texas, 152; Walker v. Brown, 66 Texas, 557; Railway v. George, 85 Texas, 150.

The testimony was not legitimate as between plaintiff and the Gulf, Colorado & Santa Fe Railway Company, and we are unable to say that it was not prejudicial to said railway. It is true that the plaintiff was in no way responsible for its admission, but the Gulf, Colorado & Santa Fe Railway Company was entitled to have its rights protected by the court, and the court failing to do so, the judgment as to it must be reversed and the cause remanded.

We will now consider the issues presented by the street railway company. The first error assigned is: "The court erred in the seventh paragraph of its charge, because the ordinance pleaded imposed no duties on companies operating street railways, and because a failure to stop and ring the gong is not negligence per se, but only evidence of negligence to be submitted to the jury." The effect of the charge complained of is that the failure of the motorman to stop the car and ring the gong at a distance of five feet from the intersection of the track of the Gulf, Colorado & Santa Fe Railway Company, if he so failed, would be negligence. The ordinances of the city of Dallas on which said charge is based are as follows:

"Art. 484. All motormen or street car drivers in personal charge of electric or mule cars in the city of Dallas, shall stop their cars and ring their gongs at a distance of five feet from the intersection of any street railway or steam railway track with the track on which said car is traveling.

"Art. 485. That any motorman or street car driver as above stated,

who shall violate any provisions of article 484, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not to exceed one hundred dollars."

The first proposition urged is that "the extent of the power of a municipal corporation is to enforce the penalty imposed by ordinance, and civil rights and liabilities are to be determined by the general laws of the State, which the municipal body has no power to change." The appellate courts of this State have so often held that the violation of a city ordinance in the operation of trains was negligence, and that the trial court could so instruct the jury, that we deem it only necessary to cite the authorities. Railway v. Pendery, 14 Texas Civ. App., 60, 36 S. W. Rep., 793; Railway v. Brown, 11 Texas Civ. App., 503, 33 S. W. Rep., 148; Railway v. Nixon, 52 Texas, 19; Railway v. Moore, 69 Texas, 160; Bish., Noncont. Law, sec. 445; Railway v. Calvert, 11 Texas Civ. App., 297, 32 S. W. Rep., 246; Edwards v. Railway, 67 S. W. Rep., 950; Railway v. Matthews, 28 Texas Civ. App., 92, 66 S. W. Rep., 588, 591; Hutchinson v. Railway, 61 S. W. Rep., 635; Railway v. Erwin, 65 S. W. Rep., 496; Railway v. Pollard, 28 Texas Civ. App., 172; 66 S. W. Rep., 851.

The second proposition is: "The ordinance imposed no duty on the street car company, but on the motorman only, and the duty so imposed can not be extended by construction to the street car company." The enactment of said ordinance was evidently for the purpose of regulating the operation of street cars for the safety of persons traveling thereon. The company operates its street cars through its servants, and it is bound by the negligence of such servants in the operation thereof. The ordinance prescribing a course of conduct to be pursued by the motormen in the operation of the cars is binding on the company as though the ordinance specially named the company therein.

The street railway company's eighth assignment of error is: "The court erred in the seventh paragraph of its charge, because it was not shown that, at the time of the passage of the ordinance on which the charge is based, the city of Dallas had any power to pass such ordinance." The proposition presented is: "Though a private act requires the courts to take judicial knowledge of its provisions, the repeal of the act annuls the provision requiring judicial notice, and after the repeal the act must be proved as a private act." The present charter was passed May 9, 1899, and repeals the former charter. The old charter as well as the present one authorized the passage of the ordinance in question. The old charter provided that the courts should take judicial notice of its provisions. As to matters affected by the old charter, the court will take judicial notice of its provisions. The change of city charters does not affect the existing ordinances in harmony with new provisions. 1 Dill., Mun. Corp., 4 ed., sec. 85; Chamberlain v. City of Evansville, 77 Ind., 542.

The fourth and fifth errors assigned question the validity of the ordinance on the ground that it is unreasonable, indefinite, uncertain,

and void. The ordinance does not appear on its face to be unreasonable. There is nothing in the assignments stating why it is unreasonable or void; nor is there any proposition or statement showing wherein the same is unreasonable or void. Said assignments are presented in such a manner that we are warranted in disregarding them. However, we will say that as the ordinance appears to be reasonable on its face, and no fact was pleaded and proven showing it to be unreasonable, we must hold the assignments not well taken. City of Austin v. Cemetery Assn., 87 Texas, 330.

The second assignment of error of the street railway is: "The court erred in the sixth paragraph of its charge that, if the freight train was not being run at a speed greater than seven miles an hour, the Santa Fe Company 'was not guilty of negligence, in the sense in which that term is hereinafter used,' because the charge was erroneous and misleading in that it would naturally lead the jury to believe that, in determining whether the accident was to be attributed to the negligence of the Rapid Transit Company, or to the negligence of the Santa Fe Company, or to both, all evidence of negligence on the part of the Santa Fe Company was to be disregarded except evidence that the cars were running at a speed greater than seven miles an hour." The paragraph of the charge of the court here complained of relates to the liability of the Gulf, Colorado & Santa Fe Railway Company to the plaintiff, and when considered in connection with other portions of the charge which limited the plaintiff's recovery against said Gulf, Colorado & Santa Fe Railway Company to its negligence in running its train at a greater rate of speed than seven miles per hour, the jury could not have been misled to the injury of the street railway company.

The court refused the following charge requested by the street railway company, to wit: "In determining whether the Rapid Transit Company was guilty of negligence which contributed to the injury, you will consider any and all evidence in regard to the condition of the crossing and the management of the train of the Santa Fe Company, and if, on consideration of all the evidence, you do not find from a preponderance of the evidence that the Rapid Transit Company was guilty of negligence which contributed to the injury, then your verdict will be for the Rapid Transit Company. And even if you should find that the Rapid Transit Company was guilty of negligence, you are further to determine whether such negligence, if any, contributed to the injury; and unless you so find, then your verdict will be for the Rapid Transit Company." This charge is general in its nature, and the court, in its main charge, limited the street railway company's liability to plaintiff to its negligence in not stopping its car as prescribed by the city ordinance, and that the injury must be the direct result of such negligence. Also, in another paragraph, to the effect that it would not be responsible for the negligence of anyone else but for its own negligence, and that the injury would not have occurred except for such negligence. The special charge being general in its nature, and the

substance being embraced in the general charge, the court did not err in refusing it.

The evidence was sufficient to show negligence on the part of the street railway which contributed proximately to the injury, and under the court's charge the jury could only find against the street railway on the ground of negligence on its part, and that such negligence contributed to the injury. If the street railway was negligent, and such contributed to the injury, then it is immaterial whether or not another also contributed thereto.

We are asked to review the action of the court in refusing to admit certain testimony offered by the street railway company. The record contains bills of exceptions submitted to the court, which the court refused to sign, stating thereon his reasons for so doing. The statutes require bills of exception to be approved by the court, or, in the case of its refusal, the affidavits of bystanders must be procured. In the absence of the requirement of the statute, we do not feel warranted in passing upon the court's action in the premises.

The judgment will be affirmed as to appellant, the Rapid Transit Railway Company, and reversed and remanded as to appellant, the Gulf, Colorado & Santa Fe Railway Company.

*Affirmed in part; reversed and remanded in part.*

Writ of error refused.