FRANK RABB v. E. H. GOODRICH & SON.

Decided May 27, 1907.

**1.—Evidence—Self-Serving Statements.**

Self-serving statements of a plaintiff made to a third party in the absence of the defendant are not competent evidence, and the fact that the evidence in the case is evenly balanced does not change the rule or allow the plaintiff to strengthen his case by proving them.

**2.—Unsigned Bill of Exception.**

An unsigned bill of exception with the reason of the judge for refusing to sign the same endorsed thereon can not be considered on appeal, even though accompanied by affidavit of counsel for appellant as to the facts and averring that the reason given by the judge was not true. Rev. Stats., 1369, 1014.

**3.—Incorrect Bill of Exception—Duty of Judge—Case Construed.**

While it may be the duty of a trial judge under the case of Firebaugh v. Ward, 51 Texas, 415, when he refuses to sign an incorrect bill of exception, to prepare and file a correct one, still the failure to perform such duty is not cause for reversal in the absence of a demand upon the judge that he prepare a bill expressing his recollection of the matter, nor when it appears that if he had done so the appellant had no cause of complaint.

**4.—Attorney's Fee—Contract after Employment.**

Attorneys and client may agree upon the amount of the fee to be paid the attorneys after the contract of employment had been entered into.

Appeal from the District Court of Cameron County. Tried below before Hon. Stanley Welch.

*D. McN. Turner,* for appellant.—An agreement entered into between an attorney and his client after the fiduciary relationship has commenced and after the services, in part, have been rendered, whereby the attorney secured to himself a different or greater compensation than was originally contemplated, either expressly or impliedly, is enforceable only to the extent of the reasonable value of the services rendered. Waterbury v. Laredo, 68 Texas, 565; 4 "Cyc.," p. 961, subd. d.

*John I. Kleiber* and *Kleberg, Davidson & Neethe,* for appellee.— That bill of exception to exclusion of evidence must show nature of evidence. Beeman v. Jester, 62 Texas, 431; Beeks v. Odom, 70 Texas, 183; District Court Rule, No. 60.

That bill of exception not signed by trial judge will not be considered: Nix v. Pope, 37 S. W. Rep., 617; Galveston, H. & H. Ry. v. Burnett, 37 S. W. Rep., 779; Clitus v. Langford, 24 S. W. Rep., 325; Heidenheimer v. Thomas, 63 Texas, 292.

REESE, Associate Justice.—E. H. Goodrich & Son brought this suit against Frank Rabb to recover the sum of $1,000 alleged to be due and owing to them by Rabb under an express contract for services as attorneys in the defense of a suit against him. It was alleged in the petition that plaintiffs in their capacity as attorneys at law were employed by defendant to assist in his defense in said suit, and that he specially agreed to pay them for such services the sum of $1,000. It was further alleged that such services were of the reasonable value of $1,000. Defendant denied both the employment and the promise to pay. The case was tried with the assistance of a jury who returned a verdict for plaintiffs for the amount sued for. From the judgment defendant appeals.

By his first assignment of error appellant complains of the action of the court in refusing to allow him to prove, over the objection of appellees, by a witness, that appellant, during the progress of the litigation referred to, approached the witness, who was also an attorney, and offered to employ him to represent him in the case, and that appellant on that occasion told witness that he had been deserted and abandoned by his counsel in that cause. The evidence was clearly inadmissible. It was a mere declaration of appellant, in his own interest, and in the absence of appellees. The fact that the evidence was sharply conflicting, as between appellee, E. H. Goodrich, and appellant, upon the issues involved, did not authorize the bolstering up by appellant, of his own testimony by evidence of his own self-serving declarations to others.

The second and third assignments of error complain likewise of the action of the court in refusing certain testimony offered by appellant. Incorporated in the record are two bills of exceptions purporting to have been taken to these rulings, but neither bill is allowed by the trial judge. On the contrary he endorsed the same— "refused because not in stenographic record of the case or recollection of the court. No statement made as to what was to be proved or expected to be proved by the witness." These bills of exceptions are

in the record with this endorsement of the action of the court thereon, and with affidavits of counsel for appellant to the effect that he stated at the time of offering the testimony, what he would be able to prove by the witness.

Clearly the matter can not be considered by us when brought up in this shape. It was open to the appellant, when the trial judge refused to allow and sign his bills of exceptions, to have the same attested by the signatures of three respectable bystanders attesting their correctness, the truth of the matter then to be controverted and maintained by affidavits not exceeding five in number on each side, the whole to be incorporated in the record on appeal. (Rev. Stats., arts. 1369, 1014.) We can not consider the matters presented upon no other evidence in the record of the ruling of the court than bills of exceptions refused by the court, and authenticated only by the affidavit of counsel for appellant.

It is further assigned as error, in connection with these bills of exceptions, that "the court erred in refusing to approve and order filed defendant's original bill of exceptions numbered 2 and 3; and in failing and refusing to suggest to defendant's counsel such corrections as he deemed necessary therein, if he found same to be incorrect; and in refusing and failing to make out and sign and cause to be filed with the clerk such bills of exceptions as would, in the opinion of the court, present the ruling of the court, in respect to the matters complained of, as they actually occurred on the trial."

In support of this assignment appellant cites Firebaugh v. Ward (51 Texas, 415). In that case it is stated to be the duty of the trial court, when a bill of exceptions is tendered to him which does not fairly state the points made, and which for that reason he can not approve, to suggest to counsel such corrections as may be deemed necessary therein, and if they are agreed to the corrections shall be made and the bill signed; if not agreed to, then the bill shall be returned with the refusal of the judge indorsed thereon, and he should make out, sign, and file such bill as will, in his opinion, present the ruling made.

The record does not show that any demand was made upon the trial judge to prepare and file such a bill of exceptions as would express his recollection with regard to the matter embodied in appellant's bills of exceptions. If the trial judge had done so, judging from his endorsements on the two bills presented to him, he could only have stated that no such evidence was offered as that embraced in the bills, and his failure to do this could not operate to the prejudice of appellant. The assignment of error presenting the point is overruled.

It was not error for the trial court to present to the jury only the issue of an express contract on the part of appellant employing appellees as his attorneys and agreeing to pay them a fee of $1,000. This was the case made by the pleadings and the evidence.

There is no merit in appellant's contention that appellees could not, by express contract, made after their employment, fix the amount of their fee, but were limited to a recovery of the reasonable value of their services. If appellant's view of the law on this point is cor-

rect, no attempt was made to show that the amount agreed to be paid by appellant was in excess of the reasonable value of the services performed. We find no error in the record and the judgment is affirmed.

*Affirmed.*