## C.-R.-C. LAW LIST CO. v. ROWE.
### (No. 8866.)

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1918.)

1. EXCEPTIONS, BILL OF ⊚⟶32(3)—STATEMENT OF FACTS—DEFECTS—LACK OF JUDGE'S SIGNATURE.

Purported bills of exception did not become part of record by signature of successor of presiding judge, who was living at time bills were presented for approval.

2. APPEAL AND ERROR ⊚⟶569(3) — RECORD — STATEMENT OF FACTS—SIGNATURE—AUTHORITY OF JUDGE.

Purported statement of facts did not become part of record by signature of successor of presiding judge who was living at time of presentation of statement for signature.

3. APPEAL AND ERROR ⊚⟶544(2)—BILLS OF EXCEPTION—STATEMENT OF FACTS.

Where there are no proper bills of exception and no fundamental error apparent of record, the judgment of trial court will be affirmed on appeal without consideration of case on its merits.

Appeal from Tarrant County Court; I. T. Valentine, Judge.

Action between the C.-R.-C. Law List Company and S. C. Rowe. Judgment for latter, and former appeals. Affirmed.

Dedmon, Potter & Pinney, of Ft. Worth, for appellant. Wm. L. Evans and Capps, Cantey, Hanger & Short, all of Ft. Worth, for appellee.

BUCK, J. [1-3] In this case the bills of exception upon which the assignments are based are not signed and approved by the trial judge. From the caption of the transcript and the statement of facts it appears that George E. Hosey presided at the trial. The bills of exception and the statement of facts are approved by I. T. Valentine. If we can presume from this state of the record that in the interim between the trial and the presentment of the bills of exception and the statement of facts for approval Judge Hosey was succeeded in the office of the judge of the county court of Tarrant county for civil cases by Judge Valentine, still, if Judge Hosey was still living at the time of the presentment for approval, the bills of exception and statement of facts should have been

approved by Judge Hosey, though at that time he was not the judge of said court. A bill of exception must be signed and approved by the judge trying the cause. Storrie v. Shaw, 96 Tex. 618, 75 S. W. 20; articles 2065 and 2066, Vernon's Sayles' Tex. Civ. Stats. A bill of exception not signed by the trial judge, when living (except a bystander's bill), is no part of the record. Land v. Klein, 21 Tex. Civ. App. 3, 50 S. W. 638; Ry. Co. v. Holt, 30 Tex. Civ. App. 330, 70 S. W. 591; Rabb v. Goodrich & Son, 46 Tex. Civ. App. 541, 102 S. W. 910. No assignment being presented suggesting error which we would be authorized to consider in the absence of a proper bill of exception, and no fundamental error being apparent of record, we are constrained to affirm the judgment below, without a consideration of the case on its merits.

Judgment affirmed.