### JONES v. WILLIAMS.  (No. 514.)

Court of Civil Appeals of Texas.  Eastland.
Jan. 4, 1929.

Rehearing Denied March 1, 1929.

Jno. W. Mackey, of Breckenridge, for appellants.

Seay, Seay, Malone & Lipscomb and Winfrey & Lane, all of Dallas, for appellee.

LESLIE, J.  This is a suit in the nature of a bill of review in contest of the approval

of a guardian's final account. The guardian, M. C. Williams, filed in the probate court of Stephens county, Tex., on April 28, 1926, an application to resign, accompanied by a final accounting. The final report and account remained on file in the probate court without any action thereon until September 30, 1926, when the wife and other members of the family of the non compos mentis filed a contest in which they protested the approval of said account and sought to have the guardian restate the same. It was charged that the estate of the ward had not been administered in accordance with law and that the funds belonging thereto had been unlawfully squandered and dissipated. Each item of expenditure was contested.

M. C. Williams, guardian and appellee, answered by allegations explanatory and in defense of the various disbursements by him, and specially pleaded that the same had been made under authority of orders duly made and entered by the county judge of Stephens county, Tex., at prior terms of said court, which had expired, and that such orders had the force and effect of final judgments and were conclusive and not subject to review in the manner in which they are here assailed.

The contest was initiated in the probate court of Stephens county, Tex., where the guardianship was pending, and a judgment aproving and affirming said guardian's final account, except as to three items of disbursement aggregating $716.67, was rendered, and the contestants appealed to the district court of Stephens county, where a trial de novo was had, and two items, the same being premiums for guardian's bond, were stricken out as improper charges against the estate, and in other respects the final accounting of the guardian was approved. He was ordered to pay the residue of the estate into the registry of the court, upon which event he would be discharged, together with the surety on his bond. This is the judgment appealed from and which this court is asked to review.

By order of this court the appellant has been permitted to amend his transcript by embodying therein the omitted assignments filed in the lower court, and he has also been permitted to file a supplemental transcript showing the appeal of this cause from the county court of Stephens county to the district court thereof. It is therefore unnecessary to discuss the several questions arising from these deficiencies in the record.

The appeal is presented upon 24 assignments of error and 23 propositions thereunder. The record is very voluminous, and the briefs are likewise. Having disposed of the matters having to do with the perfecting of the record, we come now to a consideration of divers objections to this court's giving any consideration to the appellant's assignments and propositions. These objections have called for much consideration upon our part, and we have reluctantly come to the conclusion that this appeal, in a substantial measure, must be disposed of upon the objections as urged. We will not undertake to set out verbatim the various assignments and statements, as they are lengthy, and to restate them would unnecessarily extend the opinion without serving any useful purpose.

■ Upon objections urged, the first three assignments must be rejected because they are too general. They point out no specific error and in that sense do not comply with the rules for briefing or the authorities construing such rules. See Rules 24–26, Courts of Civil Appeals; Underwood v. Hogg (Tex. Civ. App.) 261 S. W. 556; Musick v. O'Brien (Tex. Civ. App.) 102 S. W. 458; Stein v. Roberts (Tex. Civ. App.) 217 S. W. 166; Washington v. Giles (Tex. Civ. App.) 220 S. W. 439.

■ It is further objected that assignments 2 to 20, both inclusive, are multifarious. An examination of these convinces us that each of said assignments raises two or more distinct alleged errors. These assignments having the vice complained of, for that reason, fall under the condemnation of the rules of briefing and the authorities generally. Being multifarious, they are void, and do not call for consideration.

■ The twenty-first assignment of error complains that the court erred in permitting a certain witness to testify to various items of expenditure by the guardian. If any error in the court's action in this respect, no bill of exception presenting the objectionable testimony and the ruling of the court appears in the record as a basis for the assignment. The alleged error within itself is not fundamental, and, being unsupported by a proper bill of exception, the assignment is disregarded. Article 2237, Revised Civil Statutes; Brazelton Lbr. Co. v. Roberts (Tex. Civ. App.) 253 S. W. 698; Rabb v. Goodrich & Son, 46 Tex. Civ. App. 541, 102 S. W. 910; Davis v. Bowen (Tex. Civ. App.) 256 S. W. 621.

Assignment No. 24 is in the same condition as assignment 21. It complains of the admission of certain testimony, but the objectionable testimony and the action of the court are not presented by a bill of exception. Therefore assignment 24 cannot be considered.

The appellant makes his twenty-second assignment of error his twenty-first proposition, and in it complains that the court erred in admitting as evidence a claim of Amos Atkins for $4 and one of John W. Hill for $3, as well as admission of the check evidencing the payment thereof. As either an assignment or proposition it is multifarious, complaining of two or more separate and distinct errors of the trial court. It is not entitled to be considered.

The twenty-third assignment of error re-

mains to be considered. It is presented as a basis for propositions 10, 11, and 22. Neither the tenth nor eleventh proposition is relevant or germane to the assignment, which complains that "the trial court erred in admitting as evidence the purported agreement between M. C. Williams, Guardian, and W. V. Custer, whereby said Custer was appointed as an attorney for the estate of said ward, H. H. Jones, and said guardian."

The tenth proposition is to the effect that it was error for the court to admit evidence of (1) application for order, and (2) order of the probate judge for payment to Benson & Dean of $500, to Gresham & Willis, $2,077.77, $277.76, and $27.73, and to W. V. Custer $1,-027.77, and $138.88 as attorneys' fees.

As noted, the assignment deals with the admission in evidence of a certain agreement. The tenth proposition specifically relates to the alleged error of the court in admitting evidence of application for and order of the probate court for the payment of certain attorneys' fees. It will be further observed that six different sums of money were paid to three distinct firms of lawyers, and the complaint is that an application for an order was admitted in evidence in each instance, as well as an order of the probate court, and it cannot be determined whether but three errors are complained of, or two errors with reference to each of six sums paid out, making an aggregate of twelve errors. If presented separately and distinctly, each of these payments or each of the alleged errors relating thereto could have been considered upon its own merits. Some might have been overruled and some sustained. The proposition is evidently multifarious and must also be rejected.

■ The eleventh proposition complains that the court erred in approving payment by the guardian of either or all of the above items of attorneys' fees. This is not germane to an assignment complaining of the admission of certain instruments in evidence, as is above indicated.

■ The twenty-second proposition, while germane to the assignment, is, we believe, without merit and should be overruled. As an explanation of certain disbursements made by the guardian, we believe the contract between him and the attorneys employed by him to recover the ward's estate was admissible in evidence. It was pertinent testimony and entitled to be considered.

■ This disposes of the various assignments sought to be presented, and, since the pleadings are sufficient and the trial court had jurisdiction to try the cause and there is no fundamental error appearing from the record, the law requires that the judgment of the trial court be in all things affirmed.

Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903.

■ By reason of the consideration we have necessarily given this record the following observations are made:

The appellee guardian presents a case wherein he has administered the ward's estate and has disbursed numerous sums of money. These disbursements readily fall into two classes: First, the payment of claims to third persons and specifically ordered by the county judge; and, second, commissions to himself, and alleged necessary expenses of administration. The second class involves payments and transactions between himself and the trust estate. As to the first class of claims, they appear to have been paid upon the authority of the probate court and rest upon an order of approval from that court. Article 4250 of the Revised Statutes provides that "such order of approval or disapproval shall have the force and effect of a judgment." These orders have never been appealed from, as is provided in article 4252 of the same statute, nor have the appellants in this proceeding shown any right to relieve the ward's estate from these judgments upon the ground of fraud, accident, or mistake. It is unnecessary to discuss further the law relative to the character of attack sought to be made here by the appellants, but for a full and clear statement of the principles of law applicable, the following authorities are cited: Moore v. Hillebrant, 14 Tex. 312, 65 Am. Dec. 118; Heffner v. Brander, 23 Tex. 631; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Eastland v. Williams, 92 Tex. 113, 46 S. W. 32; Krawietz v. Kneiski (Tex. Civ. App.) 236 S. W. 805.

■ As to the second class of disbursements which were subject to attack in the proceeding before us, suffice it to say that, the trial court having heard the evidence in support of such claims, as well as the reasonableness of the same, this court would not be warranted in setting aside the judgment, which appears to have reasonable support in the testimony.

■ Through the record the appellant complains that the court admitted testimony of an irrelevant and immaterial nature, as well as improper opinion testimony on the part of the witnesses. As to this, it must be recognized that the trial was before the court, and there is no bill of exceptions in the record disclosing that the court in any measure based his judgment upon this character of testimony, and in that state of the record the presumption prevails that the court in reaching his conclusion discarded all the testimony of irrelevant, immaterial, and unlawful nature.

The judgment of the trial court will therefore be affirmed.