## UNITED GAS PIPE LINE CO. v. HELSCHER et al.

### No. 12562.

Court of Civil Appeals of Texas. San Antonio.

April 1, 1953.

Vinson, Elkins, Weems & Searls, Earl A. Brown, Jr., and Thomas Fletcher, Houston, for appellant.

Roger Butler, Butler, Williams & Stone, Robstown, for appellees.

PER CURIAM.

Appellees have filed a motion herein to strike appellant's bill of exceptions and statement of facts. The motion is based upon the contention that the bill of exceptions and statement of facts were not properly authenticated by the judge who tried the case in the trial court.

The record in this case shows that final judgment in this cause was rendered on December 17, 1952, at a term of court which began on the fourth Monday of October, 1952, and ended on the fourth Monday of January, 1953. It further shows that prior to January 1, 1953, Hon. George Prowse was the presiding judge of the County Court of Nueces County, and that on January 1, 1953, he was succeeded by Hon. John Young as such county judge. It further shows that while Hon. George Prowse was the judge who tried this case and rendered the final judgment therein, the bill of exceptions and statement of facts was approved by Hon. John Young, his successor in office.

Article 2248, Vernon's Ann.Civ.Stats., reads as follows:

"Any judge of a district or county court whose term of office expires before the adjournment of the term of such court at which a cause may be tried, or during the period prescribed for the filing of the statement of facts and bills of exception, or conclusions of law and fact, may approve such statement of facts and bills of exception, or file such findings of fact and conclusions of law in such cause, as provided in this title, and where any such judge shall die before the time for such approval or filing, the same may be approved or filed by his successor, as provided by article 2288."

The Courts of this State have construed this article as meaning that the judge who tried the case must approve the bill of exceptions and statement of facts in a case even though his term of office may expire before he is called upon to do so, and that where a bill of exceptions and statement of facts is approved by his successor in office while he is yet living and available they are not properly authenticated and cannot be considered as a part of the record. Henderson v. Soash, Tex.Civ. App., 157 S.W.2d 161; C.-R.-C. Law List Co. v. Rowe, Tex.Civ.App., 204 S.W. 781; Storrie v. Shaw, 96 Tex. 618, 75 S.W. 20; Argo v. Gulf, C. & S. F. R. Co., Tex.Civ. App., 265 S.W. 1065; Land v. Klein, 21 Tex.Civ.App. 3, 50 S.W. 638; American Equitable Assur. Co. of New York v. Martin, Tex.Civ.App., 33 S.W.2d 287; Gulf, C. & S. F. R. Co. v. Holt, 30 Tex.Civ.App. 330, 70 S.W. 591; Rabb v. E. H. Goodrich & Son, 46 Tex.Civ.App. 541, 102 S.W. 910; Huckman v. Campbell, Tex.Civ.App., 252 S.W.2d 604.

Art. 2248, supra, was not repealed in any way by the adoption of the Texas Rules of Civil Procedure and is still in full force and effect. There is nothing in rules 372 and 377, or any other rule contained in the Texas Rules of Civil Procedure, which in any way conflicts with the provisions of Article 2248, supra.

Appellant cites the case of McKay v. Kelly, Tex.Civ.App., 225 S.W.2d 992, in support of its contention that the statement of facts can be filed even though it is neither approved by the trial judge nor agreed to by the attorneys. That case goes no further than to hold that the letter signed by one of the attorneys for the appellee was sufficient to show that appellees did agree to

the statement of facts and were only reserving their right to raise the objection that it was not timely filed in the trial court.

The case of Huckman v. Campbell, Tex. Civ.App., 252 S.W.2d 604, is more nearly in point here. In that case we plainly held that a statement of facts must either be agreed to by the parties or approved by the trial judge.

In the case of Pacific Fire Insurance Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486, the Court held that an unapproved and unagreed to statement of facts would not be stricken upon a motion not filed within thirty days after the appeal is filed in the appellate court, as is required by rule 404, T.R.C.P.

Accordingly, appellees' motion to strike appellant's bill of exceptions and the statement of facts filed herein is granted and the same are stricken from the record.