WELLS FARGO & CO. v. McINTYRE et al.†

FT. WORTH & D. C. RY. CO. v. SAME.

(Court of Civil Appeals of Texas.   March 25, 1911.   Rehearing Denied April 29, 1911.)

1. NEGLIGENCE (§ 2*)—DUTY—LIABILITY.
    Negligence is actionable only when the injurer owes a duty to the injured.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 3, 4; Dec. Dig. § 2.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error dismissed by Supreme Court.

**2. RAILROADS (§ 261*)—EXPRESS COMPANIES USING ROADS—DUTY TO RAILWAY EMPLOYÉS.**

An express company operating over a railroad owes the railway employés and all others rightfully upon or near the track a duty to use ordinary care to not injure them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 824–830; Dec. Dig. § 261.*]

**3. TRIAL (§ 232*) — PERSONAL INJURIES — COMPANIES LIABLE—JOINT LIABILITY.**

Since one joint wrongdoer may be sued alone for the injury in a suit against an express company and a railway company for injury to the latter's employé who while alighting from a freight car was struck by an express truck left near the track, it was error to authorize recovery against both defendants or against the railway company alone without also authorizing recovery against the express company alone.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 524–533; Dec. Dig. § 232.*]

Appeal and Error from District Court, Potter County; J. N. Browning, Judge.

Action by D. E. McIntyre against Wells Fargo & Co. and the Ft. Worth & Denver City Railway Company. Judgment for plaintiff, and the Express Company brings error, and the Railway Company appeals. Affirmed on writ of error; reversed and remanded on appeal.

Turner & Wharton, Spoonts, Thompson & Barwise, and J. M. Chambers, for Railway Co. Alexander, Hogsett & Gresham, for Express Co. Lumpkin, Merrill & Lumpkin and Jno. W. Veale, for McIntyre.

SPEER, J. D. E. McIntyre recovered a judgment against Wells Fargo Company Express and the Ft. Worth & Denver City Railway Company for damages for personal injuries received by him while in the act of alighting from one of the railway company's freight cars. The negligence relied on was the leaving of a heavy truck by the express company in such close proximity to the railway track that the plaintiff in descending upon an iron ladder on the side of a box car was struck thereby and seriously injured. The alleged negligence of the railway company consisted in permitting the truck to remain in such proximity to the track. Other acts of negligence on the part of the railway company were alleged, but that above mentioned was the only one submitted. The railway company has appealed, and the express company has perfected a writ of error, and upon their joint motion these proceedings have been consolidated.

[1] As to the Wells Fargo & Company Express aside from one or two assignments, which complain of the charge for assuming that the truck was left in dangerous proximity to the track (a fact as to which there was no dispute), the sole point presented is that the express company owed appellee no duty, and therefore could not in law be guilty of negligence toward him rendering it liable in damages for an injury resulting

from its act. The argument for the express company in syllogistic form is this: Only those persons who owe to another a duty are liable to that other in damages as for negligence for a breach of that duty. The company owed no duty whatever to appellee, and cannot therefore be held in damages for his injuries, even though they were proximately caused by its act which would otherwise be negligent. The fault lies in the minor premise wherein it is assumed that plaintiff in error owed plaintiff no duty whatever. It is very true that in legal parlance there can be no negligence in the absence of a duty imposed by law, for in a general way actionable negligence is the violation of an imposed duty.

[2] But it is too clear for argument that plaintiff in error did owe to plaintiff and to every other person who might reasonably be expected rightfully to be upon or about the railway track the duty of exercising ordinary care not to injure such person. The cause was properly submitted as to the express company, and we find no error in the judgment against it, which is accordingly affirmed.

[3] As to the appellant Ft. Worth & Denver City Railway Company, the cause must be reversed for the refusal to give the following special instruction: "You are instructed in this case that if you find and believe from the evidence that the defendant the Wells Fargo Express Company left an express truck near the track of the defendant railway company, and in such proximity to said track that the train of the defendant railway company upon which plaintiff was working as switchman could not pass said truck with the body of a man descending the iron ladder at the time and in the manner alleged in the plaintiff's petition, and that plaintiff in descending said ladder collided with said truck, injuring him thereby, and you further believe that plaintiff was not guilty of negligence in producing his own injury, and you further find and believe that the said Wells Fargo Express Company in leaving said truck in said position negligently placed the same near said track and that the Ft. Worth & Denver City Railway Company was not guilty of any negligence with reference to said truck as alleged in plaintiff's petition, and you further find that the acts of said express company with reference to said truck were the proximate cause of the injury, you are then instructed in the event that you find plaintiff entitled to recover under charges heretofore given that your verdict should be solely against the defendant the Wells Fargo Express Company and in favor of the defendant railway company." The main charge was so framed as to authorize a verdict against both defendants, or in a proper case against the defendant railway company, but nowhere did the charge

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

authorize a verdict against the express company alone. It is well settled that one only of joint wrongdoers may be sued for the injury (Markham v. Houston Direct Navigation Co., 73 Tex. 247, 11 S. W. 131), and there is no reason why, if the facts justified, the appellee should not have recovered against the express company alone. Again, we think the evidence such as to demand the giving of this special charge. It presented a state of facts, the finding of which in appellant's favor would entitle it to a verdict, and this has many times been held to require submission.

Many criticisms are made of the court's charge, but we fail to find in them such merit as would demand a reversal. Since our statutes, in effect, make railroad companies common carriers of express companies and their relations, therefore, are not altogether voluntary, the very interesting question of whether or not appellant would at all events be liable for the negligence of the plaintiff in error does not we think arise. So that the error above discussed calls for a reversal of the case as to appellant Ft. Worth & Denver City Railway Company.

Affirmed in part, and reversed and remanded in part.