WILSON v. WELLS FARGO & CO. et al.

(Court of Civil Appeals of Texas. Texarkana. March 12, 1914.)

MASTER AND SERVANT (§ 278*) — INJURIES TO SERVANT—EVIDENCE—SAFE PLACE TO WORK.

In an action by an employé of an express company against the express company and a railroad company for injuries received by a fall caused by ice in a corridor of the depot, evidence *held* sufficient to warrant the jury in finding that an ordinarily prudent person would not have permitted the ice to accumulate, or would have removed it, or taken other steps to protect the employés, and therefore a directed verdict for the defendants was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Action by J. W. Wilson against Wells Fargo & Co. and another. Judgment for the defendants on a verdict directed in their favor, and plaintiff appeals. Reversed and remanded.

On January 3, 1912, the depot building of the Texas & Pacific Railway Company at Paris was situated between said company's tracks on the south and a public street on the north. Extending north and south through the building was an open archway 40 feet long and 30 feet wide. The archway was used by employés of the railway company and of Wells Fargo & Co. and the public generally in going from the street to the tracks and from the latter to the former. About 7:40 o'clock on the night of the day mentioned, while appellant, in the discharge of his duty as an employé of said Wells Fargo & Co., was pushing a truck loaded with express matter through the archway, he slipped and fell to the brick floor thereof, and thereby was injured. Appellant claimed he was caused to so slip and fall by ice which had formed on the floor of the archway. He sued both the railway company and Wells Fargo & Co., seeking a recovery against them on the ground that they were guilty of negligence in permitting the ice to be on the floor and in failing to so light the archway as to enable him to discover and avoid same. After hearing the testimony the trial court instructed the jury to return a verdict in favor of the railway company and Wells Fargo & Co., and, such a verdict having been returned, rendered judgment that appellant take nothing by his suit.

Wright & Patrick, of Paris, Tex., for appellant. Jno. S. Stone, A. P. Park, and Long & Wortham, all of Paris, Tex., for appellees.

WILLSON, C. J. (after stating the facts as above). We do not understand that either the railway company or Wells Fargo & Co., is in the attitude of controverting the contention made by appellant that they respectively owed to him the duty to exercise ordinary

care to see to it that the archway was reasonably safe for the use he was putting it to at the time he slipped and fell. Their position seems to be that, owing appellant that duty, there was no testimony authorizing a finding that they had not discharged it. We think there was such testimony, and that the court erred when he refused to submit the case to the jury, and, instead, peremptorily instructed them to find against appellant. Appellant testified that the ice which caused him to slip and fall covered a space about two feet in diameter at a point on the floor four or five feet within the archway and eight or ten feet from the west wall thereof. Considering the use being made of the archway by employés of the railway company and of Wells Fargo & Co., we think the jury reasonably might have found that an ordinarily prudent person charged with the duty the railway company and Wells Fargo & Co., owed to such employés, would not have suffered ice to form on the floor, or, if he did suffer it to form there, would have promptly discovered and removed it, or, failing to remove it, would have taken other steps to protect said employés against danger they otherwise would incur from its presence on the floor while they were using the archway.

Therefore we think the judgment should be reversed, and the cause remanded for a new trial; and it will be so ordered.