WELLS FARGO & CO. et al. v. LOWERY.
(No. 7792.)

(Court of Civil Appeals of Texas. Dallas. June 23, 1917. Rehearing Denied Oct. 6, 1917.)

1. CARRIERS ⬥304(2)—INJURIES TO PERSONS RIGHTFULLY ON STATION PLATFORMS—LIABILITY.

Where plaintiff was injured by falling over the tongue of an express truck on a station platform, it was immaterial on the question of the carrier's liability whether he fell over the tongue, which was stationary, or whether he ran into the truck, knocked down the tongue, and then fell over it.

2. CARRIERS ⬥348(1)—INJURIES TO PERSONS RIGHTFULLY ON STATION PLATFORMS—LIABILITY.

Where the carrier and the express company pleaded that plaintiff negligently walked and ran into an express truck and received the injuries complained of, a charge that, if plaintiff's alleged negligence was established and was the proximate cause of the injury, the jury should find for defendants, properly protected the rights of the defendants.

3. PLEADING ⬥409(1)—INJURIES TO PERSONS RIGHTFULLY ON STATION PLATFORMS—LIABILITY—EVIDENCE—ADMISSIBILITY.

Where the plaintiff who had gone upon the carrier's platform to meet his brother, a passenger, set up an ordinance of the city regulating the moving and handling of express trucks on railroad platforms, and defendants filed no exceptions to the plea, objection made to the introduction of the ordinance came too late.

4. CARRIERS ⬥304(2)—INJURIES TO PERSONS RIGHTFULLY ON STATION PLATFORMS—"HANDLING TRUCKS."

An express truck placed on the depot platform merely long enough to be loaded and then removed, and while being loaded causing injury to a person rightfully on the platform, was being handled within an ordinance regulating the handling of express trucks.

5. APPEAL AND ERROR ⬥882(12)—SCOPE OF REVIEW—INVITED ERROR.

An assignment of error to the court's definition of "reckless" and "careless" will be overruled, where the objecting party requested a charge substantially as given.

6. CARRIERS ⬥304(2)—INJURIES TO PERSONS RIGHTFULLY ON PLATFORM—CARE REQUIRED.

Where plaintiff went to the depot and on the platform to meet a brother who arrived on a passenger train, he was lawfully on the platform, and the carrier and an express company

using the platform owed him the duty to use ordinary care in handling its trucks.

**7. TRIAL ⬅==194(16)—CHARGE ON EVIDENCE.**

Instruction *held* not a charge on evidence as instructing that plaintiff was not guilty of contributory negligence.

**8. CARRIERS ⬅==304(2)—INJURIES TO PERSONS RIGHTFULLY ON PLATFORMS — CARE REQUIRED.**

While an express company using a railroad station has the right to conduct its business in a legal way on the platform, it must, as to all persons having the right to be on the platform, use care to prevent injuring them by its negligence.

**9. CARRIERS ⬅==304(2)—INJURIES TO PERSONS RIGHTFULLY ON PLATFORMS — CARE REQUIRED.**

If an express company, using a station building and platform for its business, handles a truck in a reckless and careless manner contrary to the terms of a city ordinance and an injury resulted to plaintiff, it is negligent in law.

**10. CARRIERS ⬅==284(4)—INJURIES TO PERSONS RIGHTFULLY ON PLATFORMS — NEGLIGENCE OF EXPRESS COMPANY—LIABILITY.**

A railroad which permits an express company to use its depot and platform when large numbers of persons are going to and from trains along the platform is liable for injuries to such persons, if it knew, or should have known, of the negligent handling of the express company's trucks.

**11. CARRIERS ⬅==286(1)—INJURIES TO PERSONS RIGHTFULLY ON PLATFORMS—CARE REQUIRED.**

It is the duty of a railroad company to provide a platform for the transaction of its business and the accommodation of its passengers.

**12. CARRIERS ⬅==344—INJURIES TO PERSONS RIGHTFULLY ON PLATFORMS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.**

Where the carrier alleged contributory negligence of a person who fell over a tongue of an express truck on the platform, it had the burden of showing such negligence by a preponderance of the evidence.

Appeal from District Court, Navarro County; H. B. Davis, Judge.

Action by E. B. Lowery against Wells Fargo & Company and the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendants appeal. Affirmed.

Baker, Bott, Parker & Garwood, of Houston, E. B. Perkins and W. B. Hamilton, both of Dallas, and Callicutt & Johnson and R. S. Neblett, all of Corsicana, for appellants. Richard Mays, of Corsicana, for appellee.

RAINEY, C. J. Appellee sued the express company and the St. Louis Southwestern Railway Company of Texas, appellants, to recover damages for personal injuries sustained by him upon the platform of the railway company by falling over the tongue of an express truck upon the hard vitrified brick platform of the railway company at its depot in Corsicana, where he had gone to meet his brother and was accompanying him from the passenger train to his automobile, which was stopped at the customary place. Separate and joint negligence was alleged against both appellants.

Each appellant filed answer, in effect, general demurrers, general denial, and specially, contributory negligence. A trial resulted in a verdict and judgment for the appellee, from which appeal is prosecuted by appellants.

The Wells Fargo Company was doing an express business and conducting it in the railway company depot, using the depot platform with its trucks in loading and unloading express on and from the railway trains. This was being done under contract between the appellants. Further conclusions of facts will be given under the assignments as treated.

The first assignment presented is:

"The court erred in failing and refusing to instruct the jury, as requested by defendant's special charge No. 12, which is substantially as follows: You are further instructed that if you believe from the evidence that an empty express truck used by one of the employés of the defendant express company, or the defendant railway company, was pushed in the direction of the plaintiff diagonally across the platform, and that one wheel of the same struck something and that the tongue of said truck was thrown around and struck the plaintiff on his legs and caused him to fall and receive the injuries of which he complains, then you will find a verdict for the defendants."

The proposition submitted under this assignment is:

"The plaintiff having pleaded that an express truck was placed stationary at right angles with the express car and that the tongue of the truck extended out from the end across the railway platform, which was being used by him at the time, and that he stumbled over the truck tongue and thereby received his injuries, and there being testimony at variance from the cause of action thus pleaded, which presented a different cause of action from that pleaded, then, if plaintiff's injuries were received from being struck by the tongue of a moving truck which knocked him down, he could not recover in this case, and the special charge requested should have been given."

The issue made by the pleadings was that of the express truck and tongue thereof being placed as stated in the proposition submitted, and appellee stumbled over it and was injured thereby, or was the tongue at the time hooked up in a perpendicular position and the appellee ran against it, knocking it down and thereby injured as pleaded by appellants? The case was fought out on this issue and the jury found, in effect, by its verdict, that the tongue of the truck was lying down on the platform and not raised in an upright position when struck by appellee. This finding is in accord with a preponderance of the evidence. There was testimony of one witness, who stated the accident occurred as stated in the special charge, but only the one.

[1] There is no question that appellee came in contact with the tongue of an express truck, was thrown and injured thereby, and we are of the opinion that the issue of whether he was injured by reason of the tongue of the truck being down on the plat-

form or whether he ran against it when hooked up, knocked it down, and then fell over it, having been submitted to the jury, the testimony that the accident occurred in a different manner does not affect the question of liability, as it depends upon the negligent handling of an express truck.

The second assignment is too general and will not be considered.

Assignments Nos. 2a and 3 complain of the court for failing to charge on contributory negligence. Quite a number of special charges grouping the facts were asked by appellants, which were refused by the trial court, upon which assignments of error are based.

The appellants on the question of appellee's negligence pleaded in effect that appellee knew or ought to have known, could see and did see, by the exercise of ordinary care, that trucks were being used and handled by the express company in transacting the business of the defendant on the platform; that persons passed near the trucks and appellee negligently failed to look and keep a watchout; that his attention was attracted to and engaged upon other matters; that he had a large grip in his hand and carelessly walked and ran into an express truck, or against the tongue thereof, and fell and received the injuries, if any, which, combined with the negligence of defendant, if any, contributed to and was the proximate cause of the injuries, if any, it being in the daytime between 9 and 10 a. m.

Plaintiff's witnesses tended to show that the handle of the truck was lying on the platform, that plaintiff's foot caught in the hande on the end of the tongue, which caused him to fall. Some of defendant's testimony tended to show that appellee walked against the truck, knocked the tongue down, which was hooked up, stumbled, and fell over the tongue.

The court, in paragraph 3, subdivision (b), charged:

" 'Contributory negligence' in its legal signification, is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care and prudence, as concurring or co-operating with some negligence on the part of the defendant, if any, is a proximate cause or occasion of the injury complained of."

Paragraph 8 charges:

"You are instructed that plaintiff cannot be charged with the duty of anticipating and avoiding negligence, if any, on the part of the defendants or either of them, and he had a right, in carefully using said platform, to assume that the defendants and their employés had and would use ordinary care to prevent injury to him. But it was plaintiff's duty to so conduct and care for himself as to avoid any danger or injury that was known to him, or that could have been known to him by the exercise of ordinary care, to threaten him by reason of negligence, if any, the defendants, if any, and also to avoid any injury that might result to him in the ordinary and proper operation of the businesses of the defendants under the circumstances of the situation at that time."

Paragraphs 11 and 12 charge:

(11) "You are instructed that it was the duty of plaintiff to exercise ordinary care in going upon and walking along and upon the platform and premises of the defendants at the time and place of the accident, to avoid injury to himself and for his own protection, and if you find that plaintiff failed to exercise ordinary care for his own safety under the circumstances of the situation at the time, and if you further find that the tongue or handle of the truck was down upon the platform, and that plaintiff, in the failure to exercise ordinary care, walked against and fell over same, and that this was the proximate cause of his injury; then if you so find you will find for both defendants."

(12) "You are instructed that if you find that the tongue or handle of the truck was hooked up, and you further find that plaintiff walked against said tongue or handle and knocked it down and fell over it, and thereby received his injuries; you will find for both defendants."

Paragraph 13 is:

"You are instructed that if you find that plaintiff, by going upon and along the platform and from the train of defendant railway company with his brother, by the route and along the way he did go, was guilty of contributory negligence, and if you find that this was the proximate cause of his injury, if any, then, if you so find you will find for both defendants."

[2] The defendants having specially pleaded that plaintiff negligently walked and ran into an express truck or against the tongue thereof, and fell and received the injuries complained of, and defendant's evidence tending to show, and the court's charge being, in effect, that if it is found to be true and was the proximate cause of the injury to find for the defendants, we are of opinion the charge correctly protected the rights of appellants and the assignments are overruled. Wells Fargo Co. v. Benjamin, 165 S. W. 120.

[3] It is complained that the court erred in admitting in evidence an ordinance of the city of Corsicana regulating the moving and handling of baggage and express trucks on railroad platforms and depot grounds, because the pleadings were not sufficient to authorize its introduction, it not being sufficiently identified in the pleadings. This objection we do not think tenable. The ordinance was pleaded by appellee in his petition. There was no exception filed to the plea as being too general, and the objection made to the introduction of the ordinance came too late, and the assignment is overruled.

Other assignments are made to the introduction of said ordinance on various grounds. The ordinance introduced is as follows:

"An ordinance regulating the standing and the moving of baggage or express trucks or any other trucks or recklessly or carelessly handling of said trucks on the railroad or railway depot grounds or platforms within the city of Corsicana, Texas, and providing a penalty for the violation thereof.

"Be it ordained by the city council of the city of Corsicana, Texas:

"Section 1. That it shall be unlawful for any person or persons to push or pull any baggage or express trucks, or any other trucks, two abreast on or upon any railroad or railway depot grounds or platform, or to leave any bag-

gage or express trucks or any other kind of trucks standing on or upon any railroad or railway depot grounds or platforms two abreast within the city of Corsicana, Texas.

"Sec. 2. It shall be unlawful for any person or persons to recklessly or carelessly push or pull or handle any baggage or express trucks, or any other trucks, on any railroad or railway depot grounds or platforms of any railroad or railway within the city of Corsicana, Texas.

"Any person violating any section of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction in the corporation court shall be fined in any sum not less than one dollar and not more than twenty-five dollars."

Objections made to its introduction are:

"(1) Because section 2, of the ordinance is void for uncertainty. (2) Because it is not applicable to the case, in that to push, pull, or handle trucks means a change in the position of the trucks, or the handling of trucks that produced the accident, and not the placing of the trucks, and said ordinance does not apply to the placing of the trucks. (3) Because the caption of the ordinance is not sufficient to authorize the second section thereof. (4) Because said section does not denounce any specific act as negligence, but is a mere reaffirmation of the common law with reference to the degree of care that should be exercised, and neither adds to nor takes from the degree of care fixed by the common law, and the mere passage of such ordinance would not fix a liability in a civil suit, and its admission in evidence before the jury would be prejudicial to the rights of the defendants. (5) Because the city council is without power or authority to fix a liability for negligence in a civil suit."

[4] We are of the opinion that none of the objections urged are tenable. As to the power to pass such an ordinance this question was raised in the case of Railway Co. v. Holt, 30 Tex. Civ. App. 330, 70 S. W. 591, and this court said:

"The appellate courts of this state have so often held that the violation of a city ordinance in the operation of trains was negligence, and that the trial court could so instruct the jury, that we deem it only necessary to cite the authorities."

A number of authorities were cited, for which see the opinion. Under the ordinance the reckless or careless pushing or pulling or handling of any truck on the railroad depot grounds or platform was made a misdemeanor, etc. It is contended that under the evidence it is not shown that there was any reckless or careless handling of any truck, in that the truck that caused appellee's injury was standing, and it does not come within the terms of the ordinance. The truck had just been placed in the position it was in to remain long enough to be loaded, and then to be moved away, so we take it that the tongue was on the platform, and it being so placed and while so standing was being handled and operated within contemplation of section 2 of the ordinance.

[5] Objection is made to the charge of the court in defining the terms "reckless" and "careless" used in said ordinance. While this is embraced in the court's main charge, the record shows that appellant requested a charge defining said terms substantially as given by the court, therefore said objection is overruled.

Complaint is made of the giving of paragraph 4 of the court's charge, which is:

"4. You are instructed that, under the proof in this case, the plaintiff had a right to be upon the platform and grounds of the defendant railway company at the time and place where he claims to have been injured; and that defendant express company owed plaintiff the duty to use ordinary care in using and handling its express trucks, so as to avoid injuring plaintiff at the time and place.

"If therefore you find the defendant express company was guilty of negligence in the manner of using and handling its trucks, or the tongue or handle thereof, under the circumstances of the situation at the time, on August 24, 1914; and if you find that by reason of such negligence, if any, it allowed the trucks or tongue or handle thereof to be and lie upon the platform commonly used by passengers and others having the lawful right to use and be upon said platform; and if you find that plaintiff, in the exercise of ordinary care, while walking upon said platform with his brother, in going from the train to his automobile, struck the tongue or handle of said truck with his foot, and fell over the same upon the platform, and thereby sustained injury; and if you find that said negligence of defendant express company, if any, was the proximate cause of said injury to plaintiff, if any, then you will find a verdict in favor of plaintiff against defendant express company, compensating him for the damages sustained by him by reason of said negligence, if any."

[6-9] One objection is that the pleadings do not support it. To this we do not concur. Appellee went to the depot, and upon the platform, to meet a brother whom he expected to arrive, and did arrive, on a passenger train, and for which purpose he was lawfully there, and the court rightfully instructed the jury. The charge was not upon the weight of the evidence, and did not instruct the jury that appellee was not guilty of contributory negligence at the time he was injured. While the express company had the right to conduct its business in a legal way on the railroad platform, it was under obligation to all persons who had the right to be on the platform to use care to prevent injuring them by its negligence. When it uses such care and a party rightfully there does not use care for his own safety, but is guilty of negligence that contributes to his injury, then the company is not liable for such injury. The court properly charged the jury in this particular.

Several assignments complain of the fifth paragraph of the court's charge, which paragraph is:

"5. You are instructed that the ordinances of the city of Corsicana provide that it shall be unlawful for any person or persons to recklessly and carelessly handle any express trucks on any railway platform within said city.

"If, therefore, you find that plaintiff's injuries, if any, were caused by the reckless or careless handling of the express trucks of the defendant express company, by its employés, by allowing said truck, or the tongue or handle thereof, to be and lie upon or across that portion of the platform of defendant railway company in use by passengers and others having the lawful right to go thereon; and if you find that it was reckless or careless for the employés of defendant express company to so leave said truck or the tongue or the handle thereof upon or across said platform; and if you find that such

reckless or careless handling of said express truck, or the tongue or handle thereof, by defendant express company's employés in leaving said truck, or the tongue or the handle thereof, upon or across the platform, if they did, was the proximate cause of plaintiff's injury, if any, then, you are instructed that this was negligence in law, which would entitle plaintiff to recover against defendant express company.

"You are instructed that the word 'reckless,' as the same is used in this paragraph, means gross negligence and a failure to exercise any care for the rights and protection of others under the circumstances. And you are instructed that the word 'careless,' as used in this paragraph, means free from care, or without care."

[10] The criticism of this charge, we think, is not justified. If the handling of the truck was contrary to the terms of the city ordinance, it was negligence in law, and it was not error in the court in so telling the jury.

Paragraph 6 of the court's charge is attacked as error. It reads:

"You are instructed that if you find that the defendant express company was guilty of negligence in the manner of handling its trucks, or the tongue or handle thereof, under the circumstances of the situation at the time it is claimed plaintiff received an injury; and if you find that by reason of said negligence, if any, the truck, or the handle or tongue thereof, was allowed to be and lie upon the platform commonly used by passengers and others having the lawful right to use and be upon said platform; and if you find that defendant railway company knew or ought to have known in the exercise of ordinary care that defendant express company and its employés, in the use of its trucks, did allow the truck, or the tongue or handle thereof, to be and lie upon the platform, if it did; and if you find that plaintiff, in the exercise of ordinary care, while walking upon said platform with his brother, going from the train to his automobile, struck the handle or tongue of said truck with his foot, and stumbled and fell upon said platform and thereby sustained injury; and if you find that said negligence, if any, upon the part of defendant railway company, was the proximate cause of said injury, if any, to plaintiff, then, if you so find you will find for plaintiff against the defendant railway company a verdict compensating him for the damage sustained by reason of said negligence, if any."

The criticism of the charge is, in effect, that same was not warranted by the pleadings and evidence; that it makes the railroad company liable, if it knew or ought to have known in the exercise of ordinary care, that the express company allowed, did allow or would probably allow, the tongue or handle of the express truck to be upon the platform. The evidence showed, in effect, that the railway platform was narrow and not large enough for the transaction of the business ordinarily done on such occasions; that on this occasion two passenger trains had arrived at the depot, and were standing on parallel tracks with a narrow strip of the platform between where passengers were discharged and express matter unloaded on express trucks. There were quite a number of passengers and other persons on the platform as usual on such occasions, and employés of the railroad company were assisting in the discharge of passengers and attending to other duties incident to the arrival of trains.

[11] We are of the opinion that the conditions surrounding this occasion, as well as the pleadings, warranted the submission of negligence on the part of the railroad company. It was the duty of the railroad company to provide a platform for the transaction of its business and for the accommodation of its passengers, etc. There was a contract existing between the railroad company and the express company in relation to express business, and the express company had the right to use the platform for such purposes, but such contract did not absolve the railroad company from its duty of using care to prevent injury to persons lawfully on said premises, and if it knew or should have known of the negligent manner of the express company in doing business and made no effort to abate it, it cannot escape liability for such. Wilson v. Wells Fargo Co., 165 S. W. 36; Wells Fargo Co. v. McIntyre, 136 S. W. 1196.

Appellants complain of paragraph 7 of the charge, which relates to the duty of the railroad company in using care to not injure parties lawfully using the platform. Under the facts of this case we see no error in this paragraph of the charge, and the assignment is overruled.

Complaint is made of paragraph 8 of the charge, which tells the jury that appellee had the right to assume that defendant would use ordinary care to prevent injuring him. We think this charge is not error.

The court charged in the fourteenth paragraph of its main charge as follows:

"You are instructed that the burden of proof is upon the defendants to prove by a preponderance of the evidence in this case their claim of contributory negligence on the part of plaintiff. Unless you find that this has been done, you will find against defendants on that claim."

In this connection appellants requested a special charge, as follows, which was refused, to wit:

"You are further instructed that, in determining whether or not the plaintiff was guilty of contributory negligence, you will look to and consider all of the facts, circumstances, and evidence before you."

[12] Appellants assigned error based upon the charge on the burden of proof and the refusal of the requested charge just quoted, and presents the following conclusion:

"The court erred in the fourteenth paragraph of its charge to the jury, because said paragraph shifts the burden of proof from the plaintiff, and requires the defendants to prove by their testimony that the plaintiff was guilty of contributory negligence."

We do not think this criticism is warranted as the court expressly confined a finding for defendants to "prove by a preponderance of the evidence in this case." The burden of proving contributory negligence was on defendants, they having pleaded such as a defense, and the charge was not misleading,

and it expresses as much as the special charge requested by appellants.

Complaint is made that the verdict is excessive. While the verdict is large, we are of the opinion that the jury having passed upon the question, and the evidence being such as to warrant such a finding, the verdict should not be disturbed.

Many assignments are presented that we have not discussed in this opinion, but which have been considered by us. The evidence in the whole case supports the judgment. We find no reversible error in the judgment of the lower court and it is affirmed.

Affirmed.