## McMILLAN v. GAGE.
### No. 9217.

Court of Civil Appeals of Texas. Austin.
Oct. 28, 1942.

Rehearing Denied Nov. 18, 1942.

J. Mitch Johnson, of San Saba, and Hobert Price and Strasburger, Price, Holland, Kelton, & Miller, all of Dallas, for appellant.

Walter E. Gates, of Monahans, and Ira J. Allen and Allen, Helm, & Jacobs, all of Houston, for appellee.

BLAIR, Justice.

Appellee, Mary Elizabeth Gage, individually and as next friend of certain minors, sued appellant, C. H. McMillan for damages for injuries resulting in the death of her son Robert Gage, the injuries occurring when a truck and trailer owned by appellant and operated by his agent or driver ran over deceased, who was also employed on the truck as "swamper." At the time of the accident appellant's four trucks with seven employees were engaged in hauling sheep. Appellant did not carry workmen's compensation insurance. A jury verdict on special issues resulted in judgment for appellee for $2,750.

The accident occurred just after Robert Gage opened a gate through which the truck passed, and while attempting to board the moving truck he fell under it and the right rear wheels of both the truck and the trailer passed over his body, causing the injuries which resulted in his death about four days later. Appellee alleged four separate acts of negligence of appellant and his truck drivers, each of which the jury found to be negligence and a proximate cause of the injuries which resulted in the death of Robert Gage, as follows:

1. That the driver of the truck failed to keep a proper lookout for the deceased when he attempted to board the moving truck.

2. That the driver was operating the truck at about 12 miles per hour, knowing that the deceased was about to board it.

3. That the driver failed to stop the truck after it passed through the gate and before the accident.

4. That the truck driver was operating the truck at the time of the accident without its being equipped with sufficient brakes.

The sole question presented is that the evidence does not sustain either of the jury's findings of negligence, and that the evidence, as a matter of law, does not show any negligent act of appellant or his truck driver which was a proximate cause of the injuries resulting in the death of the deceased, Robert Gage.

■■ We find that the evidence is sufficient to support the jury's findings on each issue of negligence submitted when viewed in the light of the settled rule that where reasonable minds may differ as to the inferences and conclusions to be drawn from the facts or circumstances at issue in a case, it is a matter or question for the jury to determine. Particularly is the evidence sufficient with respect to the negligence of the driver in operating the truck at about 12 miles per hour, knowing that deceased was about to board it, and in failing to stop the truck; and with respect to the negligence of appellant and his driver in operating the truck without its being equipped with sufficient brakes. The driver of the truck testified that the accident happened about "12 or 15 steps" after he had driven through the gate; that as he went through the gate the road turned to the left, and he was looking out of the left side of the truck to see if the trailer would pass the gate post; that Gage ran to get on the moving truck, but that he did not see him as he left the gate to run to the truck; that he was driving in low gear at about 4 or 5 miles per hour, and that the first he knew he heard Gage hit the right front door of the truck, at which time he looked around and saw Gage's fingers just as they slipped from the door, the glass in the door being down at the time; that he then stopped the truck as quickly as he could, and that when he stopped it Gage's body was some 5 or 6 feet behind the trailer, and that he ran back to Gage. He testified that the brakes on the front wheels of the truck were good, but "it did not have much on the back"; that the trailer did not have any brakes on it.

Another witness who saw the truck pass through the gate from some 50 yards away, but on the opposite side from where the deceased tried to board the truck, testified that when the driver of the truck first started through the gate he was going at about 4 or 5 miles per hour, but that he gunned the truck and increased its speed to 10 or 12 miles per hour; that the body of Gage was lying some 20 feet behind the trailer when he reached the scene of the accident.

From the facts and circumstances the jury could have reasonably inferred or concluded that the speeding up of the truck from 4 or 5 to 12 miles per hour at about the time the driver knew Gage was trying to board it, was negligence on the part of the driver, which was the proximate cause of the injuries resulting in the death of Gage. The jury could have also reasonably inferred or concluded that the failure to stop the truck in time to avoid the accident was due to defective brakes on the rear wheels of the truck. The driver testified that the brakes were defective, and that when he saw deceased's fingers slip from the front door of the truck, he did all he could to stop it. Deceased was near the front of the truck when he slipped from it. Before the truck was stopped it had proceeded until its rear wheels passed over deceased's body, and then the right wheels of the trailer also reached him and passed over him, and his body was lying some 20 feet, according to one witness, in the road behind the trailer when it stopped.

Appellant calls attention to the fact that when the driver of the truck reached the place where Gage was lying in the road, that Gage told him that he (the truck driver) was not to blame, but that deceased's foot slipped as he was attempting to board the truck, and that he fell under the wheels. Other witnesses heard the deceased say something similar to the statement which the driver attributed to him, or to the effect that the accident was not the truck driver's fault. Appellant cites this evidence as an admission or declaration against interest and as showing that there was no act of negligence on the part of appellant or the driver of the truck.

■ The law is well settled that an admission or declaration against interest is merely another piece of evidence; it is not conclusive on the party against whom it is offered, and the probative value of it is a question of fact for the jury. The deceased was suffering greatly at the time he made the statement, and it was not shown that he knew the exact conditions under which the accident occurred. The statement that it was not the fault of the driver

was apparently meant to convey the idea that if Gage had not tried to board the truck while it was running, he would not have been hurt. In similar cases the courts have held that the jury and not the deceased are called upon to pass upon the question of negligence where an injury had occurred which later resulted in the death of the injured party. Gulf, C. & S. F. Ry. Co. v. Calvert, 11 Tex.Civ.App. 297, 32 S.W. 246; Galveston H. & S. A. Ry. Co. v. Pingenot, Tex.Civ.App., 142 S.W. 93; Gulf, C. & S. F. Ry. Co. v. Lankford, 9 Tex.Civ.App. 593, 29 S.W. 933, affirmed by the Supreme Court, 88 Tex. 499, 31 S.W. 355; Missouri Pac. Ry. Co. v. Ivy, 79 Tex. 444, 15 S.W. 692, 1 L.R.A. 476; Missouri, Pac. Ry. Co. v. Fennell, 79 Tex. 448, 15 S.W. 693; and in the case of Logan v. Logan, Tex.Civ. App., 112 S.W.2d 515, the statement is made that the testimony of a witness concerning the oral statement of a deceased person is the weakest kind of evidence and subject to closest scrutiny.

The judgment of the trial court is affirmed.

Affirmed.