## LEONARD et al. v. SMITH.

### No. 11657.

Court of Civil Appeals of Texas. Galveston.

March 1, 1945.

Sam G. Croom, of Houston, for appellants.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, Joe and Laura Leonard, to have a deed, absolute on its face and purporting to be a conveyance of a tract of 37.8 acres of land in Waller County, Texas, to appellee, Joe T. Smith, declared to be a mortgage, and to have the mortgage declared to be null and void as having been given on appellants' homestead.

Appellee answered by general demurrer and by general and special denials. By special plea he alleged that appellants had executed and delivered said deed in consideration of the settlement and discharge of a pre-existing indebtedness represented by a note and secured by a lien on a part of the land described in said deed, and by the payment of the sum of $250 in cash. Appellee sought recovery of the title and possession of the land in controversy.

In a trial before the court without a jury judgment was rendered holding the deed under consideration to be binding on the parties thereto.

At the request of appellee, the trial court prepared and caused to be filed his findings of fact and conclusions of law. Appellants excepted to said findings and conclusions on the alleged grounds that the testimony on which they were based was legally insufficient to support them, and that they were against the great preponderance of the evidence and the manifest weight of the testimony.

The record shows that on October 9, 1925, Joe Leonard and Laura Leonard executed and delivered to appellee their promissory note for the sum of $670. To secure the payment of this note they executed and delivered to appellee a deed of trust on 25 acres of land, a part of the 37.8 acres of land described in the deed under consideration. On October 8, 1933, Joe and Laura Leonard executed and delivered to appellee their note for the sum of $871.50 in renewal and extension of the principal and the interest then due on said $670 note. On March 7, 1937, the Leonards owed appellee two obligations: The note for $871.50 with accrued interest thereon, aggregating the sum of $971.87, and another note for the sum of $250 which had been executed in 1926 and was secured by a chattel mortgage on certain cattle and mules. This indebted-

ness with interest amounted at that time to approximately $270. By deed dated March 1, 1937, Joe and Laura Leonard executed and delivered to appellee the warranty deed under consideration purporting to convey the 37.8 acres of land in controversy for a recited consideration of $1221.87.

It is undisputed that for a number of years prior to the execution of said deed Joe and Laura Leonard had occupied the 37.8 acres of land in controversy as their homestead.

The trial court found, in substance, that, at the time of the execution and delivery of the deed dated March 1, 1937, conveying the land in controversy to Joe T. Smith, neither Joe nor Laura Leonard, nor Joe T. Smith, intended said deed to be a mortgage or as security for debt, but that each of them intended the same to be an absolute conveyance of the property therein described; that the note for $871.50, dated October 8, 1933, and given by Joe and Laura Leonard to Joe T. Smith, represented the then balance of principal and interest due and unpaid on said note for $670, dated October 9, 1929, and that the $670 note was discharged and was not an obligation of the Leonards after the execution of the note for the sum of $871.50.

The court found that the consideration for the deed dated March 1, 1937, was the payment of said note for $871.50 and the further sum of $250, which was paid by appellee to the Leonards in cash, and that the said $871.50 note was thereby discharged, and that both Joe and Laura Leonard knew at the time of the execution of said deed that it was a conveyance of the land described therein by them to appellee, Joe T. Smith.

■■ It is the established law in this state that "one who seeks relief by way of cancellation has the burden of proving by a preponderance of the evidence the existence of facts entitling him to such relief and establishing the grounds which he has set up in his pleading" (7 Tex.Jur. p. 989, Section 64), and that the intention of the parties in the execution and delivery of a deed is a question of fact for the jury or the trial court. *Flynn v. Citizens' National Bank*, Tex.Civ.App., 31 S.W.2d 485, and the authorities there cited.

■ We have carefully considered the evidence in the record, and while we find it conflicting on material issues, it is, we think, sufficient to support the trial court's find-

ings and this court is bound by the judgment based thereon under the well-established rule of law that: "The findings of the trial court in a case tried without a jury have the same force and are entitled to the same weight as the verdict of a jury; and it is well settled that such findings will not be disturbed by an appellate court where there is some evidence to support them, even though the evidence is conflicting and the appellate court might have reached a different conclusion therefrom. It is also well settled that findings of fact by the trial court will be upheld unless they are manifestly erroneous, and that they will be overruled only where they are without any evidence to support them, or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong." Custer v. McGough, Tex.Civ.App., 184 S.W. 2d 668, 669; 3 Tex.Jur., p. 1102, Section 771.

While it is undisputed that the consideration for said deed included certain preexisting indebtedness, the trial court found, in what we deem to be sufficient evidence, that such pre-existing indebtedness was extinguished and discharged by the execution and delivery of the deed under consideration and that the transaction was not a mere exchange in the security.

Appellants contend that, appellee having testified at a former trial of this case that said notes for $670 and $871.50 had not been paid, he was bound thereby and that he cannot change such testimony to defeat appellants' right of recovery.

The record shows that on a former trial of this case appellee did testify that the two notes above referred to had not been paid. However, when examined concerning his former testimony in reference to the payment of these notes, appellee testified that said notes had been paid as a part of the consideration for the deed under which he acquired the land in controversy and that they were cancelled by the execution of this deed, but that, owing to defective hearing, he did not understand counsel's question when he was asked if said notes had been paid, but thought that the questions referred to a cattle note which the Leonards owed him which had not been paid and which had been misplaced.

■ While it is the settled law in this state that the testimony of a party to a lawsuit must be construed as binding upon him, that rule is not controlling where he subsequently modifies or explains his former testimony, and the probative value of the testimony is held to be a question of fact for the jury or the trial court. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W. 2d 767, 145 S.W.2d 569; Foster v. Woodward et ux., Tex.Civ.App., 134 S.W.2d 417, writ refused, and authorities there cited; McMillan v. Gage, Tex.Civ.App., 165 S.W. 2d 754; 17 Tex.Jur., p. 576, Section 240.

■ In the instant case the trial court rendered his judgment and made his findings after a full hearing on the facts with reference to the questioned testimony and, in the absence of a showing to the contrary, it will be presumed that he found from the evidence adduced that appellee did not understand the questions asked him at the former trial and that in his answers thereto he did refer to another and different note from that referred to by appellants.

Appellants complain of the action of the trial court in receiving in evidence that part of appellee's account book wherein he referred to the land in controversy as "My Joe Leonard Farm".

The record shows that counsel for appellants had interrogated appellee with reference to entries made in said account book by appellee, and that appellee had testified that shortly after he purchased said land from the Leonards he had written at the top of the page where charges against the land were made, "My Joe Leonard Farm".

■ There may be some question as to the admissibility in evidence of appellee's designation of this account; however, since this case was tried before the court without a jury and there was ample testimony from other sources to support the court's judgment, it will be presumed that the judgment was based upon the competent and not the incompetent testimony. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644. It is well settled that the mere fact that improper evidence has been adduced will not require a reversal where the trial was before the court without a jury. To constitute the admission of such evidence reversible error, there must be some showing that this improper evidence affected the decision of the court. Green v. Hagens, Tex.Civ.App., 51 S.W.2d 771, and authorities there cited.

Finding no reversible error in the record, the judgment of the trial court will be in all things affirmed.

Affirmed.