## PARHAM v. MONTAGNE.
### No. 4717.

Court of Civil Appeals of Texas. Beaumont.
Feb. 15, 1951.

Rehearing Denied April 25, 1951.

Combs & Combs, and D. L. Broadus, all of Beaumont, for appellant.

Cecil, Keith & Mehaffy, and Edward C. Carrington, all of Beaumont, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment in a district court of Jefferson County, entered upon an instructed verdict in favor of A. J. Montagne, appellee, who was the defendant in the trial court, and against D. J. Parham, plaintiff in the trial court. Montagne transacted his business under the name "Jefferson Motor Car Company."

In his original petition the appellant alleged that on or about June 1, 1948, he delivered to the defendant, his agents, servants and employees his 1947 Hudson sedan; that said car was delivered to the defendant who gave plaintiff a cash deposit receipt in the sum of $2,250, which sum was to be applied by defendant to plain-

tiff's credit upon the purchase of a new Hudson sedan to be delivered by plaintiff to defendant as soon as possible; that defendant, his agents, servants or employees represented that such new automobile would be delivered to plaintiff within three weeks; that plaintiff made repeated demands upon defendant to deliver such automobile to him or to refund his money in the sum of $2,250; that defendant failed and refused to do either, to plaintiff's damage in the sum of $2,250. Plaintiff further alleged that because of the failure to deliver the new automobile to him that he was also deprived of the use of his car and was damaged thereby in the sum of $835. He prayed for judgment for his damages and for interest.

The defendant first answered by a general denial and a special denial that the "instrument of writing upon which plaintiff's original petition is founded in whole or in part and which is charged to have been executed by this defendant or by his authority" was executed by him or under his authority. This answer was verified by the defendant and was filed February 28, 1949. Later by a pleading filed March 18, 1950, the defendant denied generally all of plaintiff's allegations and also by way of special answer pleaded that the plaintiff had entered into a partnership contract with Willie J. Derouen, who was employed by defendant as a salesman in his automobile business in Beaumont; that by the terms of this partnership, plaintiff and Derouen agreed that plaintiff would furnish Derouen with $2,000 to be used for the purchase and sale of used automobiles, and that the profits from the sale of such used automobiles by Derouen were to be divided between plaintiff and Derouen; that plaintiff did furnish Derouen the sum of $2,000; that plaintiff knew that Derouen was employed by defendant and owed him his entire time, skill and talents as a salesman; that plaintiff's delivery of his 1947 Hudson car to defendant's place of business was not in fact a delivery to him but to Derouen under the partnership agreement to sell used automobiles; that said delivery did not constitute a delivery to the defendant; that the plaintiff did not

receive a receipt from Derouen with Jefferson Motor Car Company's name thereon until plaintiff learned that Derouen had appropriated the 1947 Hudson automobile or the proceeds therefrom to his own use, whereupon the plaintiff secured the execution of said receipt from Derouen after threatening bodily harm to Derouen and that the execution of said receipt could not be constituted as being executed within the course of Derouen's employment with defendant. Defendant alleged such facts as a plea of estoppel and alleged that by reason of illegal and unconscionable partnership agreement between plaintiff and Derouen, carried on and operated at defendant's place of business, plaintiff should be estopped from asserting his claim.

The defendant below also filed a cross-action against plaintiff below, which cross-action was dismissed when the trial court instructed a verdict in defendant's favor.

By a stipulation of counsel before the opening of the trial of the case the parties by their attorneys of record agreed that the answer filed by the defendant on February 28, 1949, consisting of a sworn denial and plea of non est factum was not abandoned as a defensive pleading but was consolidated with and became a part of defendant's answer "filed on March 18, 1949", the same as it if were incorporated therein and the two instruments were to be treated as one answer for all purposes in the trial. (We note that the file mark in the transcript upon defendant's later answer is March 18, 1950. Since there is no pleading in the transcript filed by the defendant on March 18, 1949, we assume the reference in the stipulation is to the answer filed March 18, 1950).

The plaintiff thereafter filed a supplemental petition, containing a general denial of matters alleged in defendant's original answer and specially denying that there was any partnership between him and Derouen.

The appellant's first point is that since his suit was predicated on an instrument in writing executed by defendant and no plea of non est factum was filed, the court erred in directing a verdict for the defend-

ant. The appellee, by a supplemental transcript, brought up his original answer which contained the verified plea of non est factum. The stipulation above referred to is found in the statement of facts. This point is therefore without merit and is overruled.

All of the other points of error brought by the appellant, except points Nos. 7 and 8, are closely related and assert that the court erred in instructing a verdict against him because various issues of fact were raised by the evidence. We will discuss these points together and in doing so it will be necessary to summarize the evidence. Appellee was and has been for a number of years the authorized dealer for Hudson automobiles in Beaumont. One W. J. Derouen was his only salesman at the time of the transaction out of which this litigation took place and had been in his employ for some 18 or 19 years. His name appeared on the door of his office with the title of Sales Manager. He was the only salesman employed, however, and attended to all the sales made by the company. Mr. Montagne, the appellee, had been in poor health for the past several years and most of the operation of the business was left to Derouen, who had authority to make trades and close sales deals for him. In February, 1947, the appellant bought a Hudson automobile from the defendant. Appellant was a locomotive engineer who lived in Angelina County. He brought his car in to appellee's place of business, Jefferson Motor Car Company, several times for service and repairs and dealt at all times with Mr. Derouen. Appellant testified that in June of 1948 he came back to appellee's place of business to buy a new model Hudson car with the desire of trading in his first car; that Mr. Derouen had agreed to give him an allowance of $2,250 on a new car; that Derouen stated that they did not maintain a secondhand car lot and Derouen asked appellant to deliver the one he had to him so that if they got a chance to sell the car they could sell it before delivery could be made of the new one; that he delivered the old car to Jefferson Motor Car Com-

pany during the first part of June, 1948; that he received a written receipt at that time from Mr. Derouen which receipt had been destroyed at the time of the trial. Derouen told him at that time that he had no regularly printed forms then for the order and receipt but would have one within a short time; that a few days later when he was back in Beaumont he received a receipt from Derouen on a regular form and the old receipt was destroyed. This instrument was in evidence and read as follows:

"Jefferson Motor Co.
Beaumont, Texas   Date 6/17. .1948
Please enter my order for Hudson 6 Com 2 Door
Delivery on Soon as Possible or as soon as possible
Price f. o. b. Beaumont..        $ . . . . . . . .
Extras: . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
                         Total        $ . . . . . . .
Cash Deposit    $2250.00
Trade-in
     None        $ . . . . . .
                    Total Credits    $ . . . . . . .
                    Balance           $ . . . . . . .
                    Service Fee      $ . . . . . . .
                    Total Time Cost $ . . . . . . .
                    . . .Notes @      $ . . . . . . .
                    . . .Notes @      $ . . . . . . .
                    Total of Notes   $ . . . . . . .
Purchaser (signed) D. J. Parham
Address . . . . . . . . . . . . . . . . . . . . . .
Accepted . . . Jefferson Motor Car Company
                By (signed) Willie J. Derouen

(Conditions on reverse side)

(Reverse side)   Price subject to change without notice. The replacement of any part of the automobile herein ordered due to defective material or workmanship is to be made under the terms of the National Automobile Chamber of Commerce warranty. A copy of which will be furnished upon application. This is not valid unless accepted by the dealer or his authorized representative. No agreements are recognized other than those stated herein. Pos-

itive delivery dates cannot be guaranteed but the dealer binds himself to use every effort to make delivery when stipulated."

The appellant also testified that he had never received delivery from appellee of the 1948 motor car, he had made demand for delivery and that all of his dealings in regard thereto were with Mr. Derouen; that there was some kind of labor dispute at the factory and delivery of any cars was delayed; that he had not ever received the new car, the old car or $2,250 in cash. Appellant testified further on cross-examination that he got to know Mr. Derouen quite well during all the times he had previously testified about; that he had loaned him a thousand dollars in May and another thousand in June, 1948. The appellant denied that he had loaned the money to Derouen for any partnership or organization of any kind. The appellant further testified on cross-examination that he had filed a suit against Mr. Derouen in the district court of Jefferson County, and that he had related the facts of his transactions with Mr. Derouen to his attorney and employed him as his attorney to represent him in his suit against Derouen. The petition in appellant's suit against Derouen was introduced in evidence in which the appellant alleged that Derouen had executed a check payable to the appellant for $2,000 and the bank on which it was drawn had refused payment because of insufficient funds; that Derouen thereafter paid appellant $500; he further alleged that during the month of May, 1948, appellant loaned Derouen one thousand dollars and in June, 1948 he loaned Derouen an additional sum of one thousand dollars; that said money was to be used by Derouen for the purchase of used automobiles by Derouen, who was to resell them at a profit and that the profits on the sale of said automobiles was to be divided equally between appellant and Derouen; that they did on numerous occasions purchase automobiles and resell them, earning a profit on said sales of $3,100; that appellant was under the agreement to receive from said profits $1,550. Appellant further testified on cross-examination that he did not know Mr. Montagne, the appellee, until he saw

him in the courtroom the day of the trial and did not know his son, Paul Montagne, Jr.; that he never told Mr. Montagne anything and did not try to see him about anything at all; that he had loaned Derouen part of the money before he brought his car in to trade and delivered the car to Derouen at the Jefferson Motor Car Company; that there were no new cars on the floor for sale at the time he made his trade with Derouen, but they did agree on the type and style of car he wanted; that he first loaned Mr. Derouen one thousand dollars when Derouen said he was pressed financially, that his wife was sick and that he was up against it financially; that later in the year, probably in August, he told Derouen he needed part of his money; later on when he wanted his money or the car the cars were not available for delivery; that Derouen asked him if he wanted the money, he was not sure whether Derouen said "$2,250" or "the money", appellant told him to hold the money, that he would rather have the automobile; that some time later he came in to the office accompanied by his wife; that his wife told Derouen that she ought to cut his head off and he admitted it; that his wife had a knife in her purse and it was at this time that Derouen gave him a check for $2,000; that the check was not paid by the bank because of insufficient funds; that after the bad check incident he told Derouen he was going to have to take action if he could not get his money or the automobile and shortly thereafter in February, 1950, he filed suit against Derouen; that Derouen had told him that he had taken his $2,000 to trade in cars and had made $3,100 profit. When the appellant was asked to explain why the receipt given to him showed a cash deposit rather than receipt of an automobile for trade-in he testified as follows: "A. Well, when the discussion come up about the price of the automobile, he had a book there, printed book, that gave the trade-in values on all models and makes of automobiles, and he showed me that. I told him I wouldn't even consider that price for my automobile. We went on some further discussing the price, and he submitted

that the automobile would sell for considerably more than the value that the book shows. He said he could take the car and show me a cash deposit on the new one and not show any trade-in; he could handle it that way, but he couldn't show a trade-in value at that price." The appellee offered in evidence the receipt for the first car bought by appellant showing a purchase price of $2,152.27. This was excluded by the court on appellant's objection. The instrument is not brought up in the record. The appellant further testified on cross-examination that he had delivered the title certificate signed in blank to Derouen at the appellee's place of business when he left the car. Appellant testified further that he did not know what had become of the car he had turned over to the appellee; did not make any inquiry about it; that it was immaterial to him what they did with it.

Mr. A. J. Montagne, appellee, called as a witness by the appellant, testified that Derouen was his salesman and had the title of Sales Manager; that he had been discharged lately; that he waited on a majority of the people who came into the office; that he did not know the appellant himself; that he had known nothing of any arrangement between appellant and Derouen about trading in used cars; that Derouen was discharged about the time the appellant's suit against Derouen was filed; that he knew nothing of the transaction with the appellant over the purchase of a new car in 1948; that his company had never received any money or anything else of value for the car which appellant testified he had delivered to appellee's place of business; that Derouen had never made known to him that he was operating another business there under appellee's roof; that if he had known of the arrangement between Derouen and appellant he would not have permitted it to continue; that he was in the used car business to the extent that he always had some used cars to sell, the ones he would take in on trade.

By the points under consideration the appellant says that the evidence raises an issue of fact for submission to the jury as to the authority of the agent to act for the appellee, raises an issue of fact as to whether Derouen in taking possession of the appellant's automobile and agreeing to allow him the sum of $2,250 therefor on a new car was acting as the agent of the appellee; that appellant's testimony on the trial being that no partnership with Derouen existed, the evidence did not show as a matter of law the existence of a partnership between appellant and Derouen or the existence of a joint venture; that the evidence did not show as a matter of law that Derouen was not acting as the agent of the appellee; that the evidence does not show conclusively that the agent Derouen acted adversely to the interest of appellee and that appellant had knowledge of and participated in such wrongful conduct, if any, on the part of the agent. There is no question but what Derouen was the agent of the appellee for the transaction of all matters that arose in the ordinary course of business at Jefferson Motor Car Company's place of business. The evidence is not conclusive, however, that at the time the appellant left his car with Derouen at appellee's place of business appellant was attempting to take advantage of his relationship with Derouen which was against the interests of Mr. Montagne. It was a question of fact for the jury to decide whether Parham delivered the car to Derouen to be sold by Derouen himself and not as the agent of appellee. The evidence would support a jury's finding that Parham and Derouen agreed that Derouen would sell his car for him personally and in that way get him a price of $2,250 to be applied on the purchase of a new Hudson car, but in view of Parham's testimony above outlined we do not think that the evidence was conclusive. If Parham's testimony is to be believed in its entirety, the jury might have found that Parham had loaned Derouen money to be used in buying and selling used cars but that this particular transaction and sale was not a part of whatever arrangement Parham and Derouen had agreed on for buying and selling used cars for a profit, and that

Derouen, as appellee's agent in charge of his business, had agreed to sell his car for him without profit and give him credit for $2,250 on the price of his new car. There is no evidence in the record as to the market value of the 1947 Hudson car, which the appellant left with Derouen to be sold. It is true that by some excluded testimony the appellee offered to show that the appellant had paid approximately $2,175 for the car while it was new over a year prior to this transaction, but there is no concrete evidence as to that car's market value at that time. While it may be implied from the evidence that Derouen's actions in buying and selling used cars for himself and the appellee was a violation of his duty as an agent of Mr. Montagne, the evidence is not conclusive, as a matter of law, that such actions of Derouen generally or in this particular transaction were adverse to the interests of Mr. Montagne. We believe that appellant's Points of Error in this regard must be sustained and that the trial court was in error in granting the motion for instructed verdict and in failing to submit to the jury the issues of fact outlined in such Points.

By his Point No. 7 the appellant complains that the trial court erred in holding that the allegations contained in an abandoned pleading in another suit constituted a judicial admission of the existence of a partnership between the appellant and Derouen. By his Point No. 8 the appellant contends that the trial court erred in not permitting him to introduce in evidence his amended petition in his suit against Derouen, after the court had received in evidence, in behalf of the appellee, his original petition in that suit. These Points are considered together. The appellant offered in evidence his amended original petition in his suit against Derouen. Counsel for appellee made the following objection: "Your Honor, we are going to object to that because it certainly would be self-serving; anything he would try to offer here, filed in some other suit, would merely be a self-serving declaration to offset the admission he made as a matter of judicial law in this courthouse." The trial court sustained this objection. After the appellant had testified that after he had loaned the money to Derouen he asked him how he intended to pay it back and Derouen replied that "he had two second-hand automobiles he knew of some place that he could buy." His counsel then asked the question: "Was there any discussion of any agreement or understanding there between the two of you at the time upon the issuance of the first check that there was to be any division of the profits, fifty-fifty or otherwise?" Counsel for appellee objected as follows: "First of all I want to object to the question because it sounds like Mr. Combs testifying, it is so leading and suggestive; and for the further reason that he seeks to impeach his own witness." The trial court's ruling was, "I think it would be impeachment on the admissions. Sustained." Any admission contained in an abandoned pleading ceases to be binding on the pleader in the sense that he is prevented from disproving facts alleged therein. Hughes v. Fort Worth National Bank, Tex.Civ.App., 164 S.W.2d 231. Admissions or declarations against interest contained in an abandoned pleading or pleadings filed in another action are not conclusive but may be explained or contradicted by the party against whom they are offered. An admission by declaration against interest is merely another piece of evidence; it is not conclusive on the party against whom it is offered and the probative value of it is a question of fact for the jury. McMillan v. Gage, Tex.Civ.App., 165 S.W.2d 754. The appellant did not bring up by Bill of Exceptions or otherwise the contents of the amended petition which he offered in evidence. We are unable to determine what was in the instrument offered, but from the ruling of the court in the statement of facts, on the objection made by counsel, it is apparent that the appellant was denied the right to explain or testify in any manner concerning his allegations in the abandoned pleading in another lawsuit on the ground that such testimony by him would be an impeachment of the admission. We think this was error, and since the case must be

738

remanded because of the court's failure to submit various fact issues to the jury we are pointing out these rulings on the admissibility of such testimony on the part of the appellant as further error. Anything which the witness might have said or offered in explanation of the pleading in the other lawsuit, put in evidence by the appellee, would have been self-serving but that would not make the testimony inadmissible. When the appellee put in evidence appellant's abandoned pleadings in another lawsuit his subsequent pleadings in that same suit were admissible in evidence in explanation of the abandoned pleading. Any further testimony which the appellant might have given in regard thereto was not inadmissible upon the objection that it would be an impeachment of his admission against interest. Such admissions are subject to explanation.

For the errors indicated, the judgment of the trial court is reversed and the case is remanded for a new trial.