**A. M. WILSON, Appellant,**

v.

**ARMER OIL COMPANY et al., Appellees.**

No. 17419.

Court of Civil Appeals of Texas, Fort Worth.

June 15, 1973.

**704**

Svanas & Svanas, and Gloria T. Svanas, Odessa, for apellant.

Shannon, Gracey, Ratliff & Miller, and Charles B. Harris, and Eugene J. Dozier, Fort Worth, for appellee Armer Oil Co.

Simmons & Williams, and Roy Simmons, Jr., Houston, for appellee P. L. Younger.

OPINION

BREWSTER, Justice.

This appeal is by the plaintiff, A. M. Wilson, from a summary judgment rendered in favor of the two defendants, Armer Oil Company and P. L. Younger. The motions were urged by the defendants on the ground that the summary judgment evidence showed as a matter of law that plaintiff's case was barred by limitations.

Wilson had sued the two defendants for damages for fraud alleging in substance the following facts: that prior to March 21, 1966, he was employed as a gauger for Gulf Oil Corporation in Crane County, Texas, his duties being to pump wells and buy oil from other producers for his employer; that during this period he was buying some oil for his employer from the two defendants and that without him knowing it these defendants were selling plaintiff oil that was being produced from wells other than the wells that defendants represented to him that it was being produced from; that plaintiff did not become aware of this fraud that had been practiced upon him until the last part of October, 1969; and that because of this fraud plaintiff's employer fired him and he was accused of wrongdoing by his employer which all resulted in the loss of his good reputation and earnings.

The motions for summary judgment of both defendants were not sworn to. Attached to the Armer Oil Company motion was a certified copy of a complaint filed in a Federal Court case that was styled A. M. Wilson v. Gulf Oil Corporation, et al. The defendant, Younger, also adopted the certified complaint as a part of his motion.

Both motions for summary judgment were based on the contention that plaintiff's case was barred by the two year statute of limitations. Defendants' theory was that the A. M. Wilson involved in the Federal case is the same person as is the plaintiff here. They contend that allegations that this plaintiff made in the Federal Court complaint show conclusively that plaintiff acquired knowledge more than two years before filing this suit of all the facts that form the basis of his fraud action in this case. Defendants contend that for that reason plaintiff's case was barred by the two year limitation statute.

Neither defendant offered any depositions, affidavits or admissions, other than those contained in the above referred to certified copies, in support of their motions for summary judgment.

The only thing that defendants offered or relied upon as showing that they were entitled to a summary judgment was the certified copy of the complaint filed in the other case in a Federal Court, which certified copy was an exhibit to their unsworn motions for summary judgment.

The plaintiff, Wilson, filed herein a sworn pleading that he called a reply to defendants' motion for summary judgment. It alleged that he did not become aware of the fraud practiced on him by the defendants until the latter part of October, 1969. In support of this answer the plaintiff, Wilson, also filed an affidavit wherein he swore that prior to October, 1969, he was not aware that the defendants had practiced a fraud upon him.

Article 5526, Vernon's Ann.Civ.St., the two year limitation statute, is the one applicable to a cause of action seeking damages for fraud and deceit, as does the case before us. Pelton v. Trico Oil Co., 167 S.W.2d 625 (Dallas Civ.App., 1942, no writ hist.).

The law is that where an action is based on fraud, the limitation period does not begin to run until the fraud is discovered or until, by the exercise of reasonable diligence, it might have been discovered. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738 (1943); Crow v. Crow, 485 S.W.2d 928 (Waco Civ.App., 1972, no writ hist.), and 26 Tex.Jur.2d 26, Fraud and Deceit, § 84.

It is admitted that the only things before the court when he considered the motions for summary judgment were the pleadings, the two motions for summary judgment and attached certified copies of some of the pleadings in the Federal Court case, and the plaintiff's answer to the motions

for summary judgment and plaintiff's supporting affidavit.

It is now settled that pleadings, even if sworn to, cannot be considered by the trial court as summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. Sup., 1971).

The record in the case shows without dispute that this suit was first filed on September 3, 1970. The allegations of plaintiff's petition in this case show that the alleged fraud occurred prior to March 21, 1966.

So the question before the trial court was: Did the legitimate summary judgment evidence that was before the trial court at the summary judgment hearing establish as a matter of law that the plaintiff, Wilson, discovered the fraud that he alleges was practiced on him by defendants more than two years before he filed this suit on September 3, 1970?

By rendering the summary judgment for defendants the trial court in effect answered this question in the affirmative.

We reverse both summary judgments thus holding that the answer to the posed question is no.

Plaintiff urges three points of error, they being that the court erred in granting the summary judgments (1) because as a matter of law there was insufficient proof on which to base such ruling; (2) because defendants failed to establish as a matter of law that there was no genuine issue of material fact; and (3) because the record shows there is a material fact issue involved as to when the alleged fraud was discovered.

We sustain all three of these points of error.

A pleading filed by a party or his authorized attorney in another case that contains statements inconsistent with the position this party is taking in the present

suit are admissible against such party as being an admission. Abel v. Maxwell Hardware Co., 28 S.W.2d 312 (Fort Worth Civ.App., 1930, no writ hist.); Hamilton v. Van Hook, 26 Tex. 302 (1862), and Henry v. Publix Theatres Corporation, 25 S.W.2d 695 (Dallas Civ.App., 1930, writ ref.). There is no question about this being the settled law.

One of the plaintiff's contentions on this appeal is that the certified copy of the Federal Court complaint was not proved up by the defendants in such a manner that it constituted legitimate summary judgment evidence that the trial court could consider in rendering summary judgment in favor of the two defendants.

We sustain this contention.

■ Rule 166–A, Texas Rules of Civil Procedure, relating to summary judgments, provides in part, Section (c): ". . . No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact. . . ."

The only provisions made in the rule for the use of certified copies in summary judgment proceedings is contained in Section (e) of the rule wherein it says: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

In this case this certified copy of the Federal Court complaint was the entire basis of the court's action in granting the summary judgment.

We hold that since this certified copy of the Federal Court complaint was not attached to a supporting affidavit or served with such an affidavit, it constituted extrinsic documentary evidence that could not be considered by the trial court in deciding whether to grant the summary judgments.

This point was settled by the Supreme Court in State v. Easley, 404 S.W.2d 296 (Tex.Sup., 1966) wherein the court said at page 297: "In addition to the 'pleadings, depositions and admissions on file, together with affidavits, if any' as specified by Rule 166–A, . . . the parties introduced extrinsic evidence consisting of . . . a certified copy of a part of the proceedings in Cause No. 1342 in the County Court of Hardin County, . . . . None of the items enumerated in the above sentence were attached 'thereto or served therewith' of either of the affidavits supporting either party's motion for summary judgment. A reading of Rule 166–A demonstrates that none of these instruments was entitled to consideration in a summary judgment hearing."

And the following is from Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup., 1970) at page 567: ". . . '(Crittenden) could have discharged (his) burden without producing and introducing the original note, under Rule 166–A(e), *by attaching* a sworn or *certified copy* of the note *to a proper affidavit or by serving such copy with an affidavit.* . . .'" (Emphasis ours.)

The defendants made no effort to prove the Federal Court complaint up by deposition, affidavit or admissions in order to make it legitimate summary judgment evidence as is required by Rule 166–A.

"Summary judgment is possible in this state only by virtue of the provision of Rule 166–A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with." Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961).

■ As stated, this certified copy of the Federal Court complaint was the only basis for the court's judgment. Since the law is that such certified copy, as it was presented in the trial court, is not legitimate sum-

mary judgment evidence on which the court can base its ruling, there was no legitimate evidence that was before that court that would support its ruling.

■ In addition to what we have said, there is another hole in the case as made out by the defendants at the summary judgment hearing that would keep them from being entitled to the summary judgment in their favor.

Before a pleading filed in another case can be considered as evidence against the plaintiff in this case a proper predicate must have been laid by the defendants who want it considered as evidence, showing that the A. M. Wilson referred to in that pleading is the same A. M. Wilson that is plaintiff in this case, and that it was filed in the other case by the plaintiff or his authorized attorney or agent. See Abel v. Maxwell Hardware Co., supra. This rule would apply in a summary judgment hearing as well as in any other trial.

■ In this case no predicate whatever was laid. The defendants filed no affidavits, depositions, or admissions purporting to lay such a predicate. A statement was made in Armer Oil Company's unsworn motion for summary judgment to the effect that A. M. Wilson in this case is the same person as the A. M. Wilson involved in the Federal Court case, but that is not legitimate evidence to be considered by the Court against Wilson at a summary judgment hearing.

We are also convinced that the defendants and the trial court considered the claimed admissions contained in the complaint as being conclusive of the question as to when plaintiff discovered the alleged fraud. That is not the law.

■ Admissions by a party contained in a pleading that he filed in another case are not conclusive against him and such party can offer other evidence tending to explain or contradict such admissions. Such admissions are, however, evidence that can be considered on the issue and the probative value to be given it is for the fact finder. Louisiana Ry. & Nav. Co. v. Cotton, 1 S. W.2d 393 (Dallas Civ.App., 1927, no writ hist.); Parham v. Montagne, 238 S.W.2d 732 (Beaumont Civ.App., 1951, ref., n. r. e.); McMillan v. Gage, 165 S.W.2d 754 (Austin Civ.App., 1942, ref., w. o. m.).

■ Even if we consider the certified copy of the complaint as being legitimate summary judgment evidence, then its contents and plaintiff's affidavit presented for the trial court's determination the question of when was plaintiff telling the truth. Was it when he allegedly made the allegations in the complaint, or was it when he swore in the affidavit to statements therein to the contrary?

The trial court at a summary judgment hearing cannot determine which of those two statements is entitled to the greater weight.

■ The burden of proving that there is no genuine issue as to any material fact is on the movant, and all doubts as to the existence thereof are to be resolved against him. If the motion involves the determination of the weight of the showing made before the court, or the credibility of the affiants, then the motion for summary judgment should be refused. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

We therefore hold that even if the certified copy of the Federal Court complaint was properly before the court, and even if it for some reason can be held to constitute legitimate summary judgment evidence in this case, that the record still showed the existence of an issue of fact as to when the alleged fraud was discovered by the plaintiff. This fact issue was created by

the affidavit filed by plaintiff in opposition to the motion for summary judgment.

The summary judgments in favor of both defendants are reversed and the case is remanded to the trial court.