Jess G. BOHON, Appellant,

v.

The TRAVELERS INSURANCE
COMPANY, Appellee.

No. 732.

Court of Civil Appeals of Texas,
Tyler.

May 2, 1974.

Bert Creel, Tyler, for appellant.

Ramey, Flock, Hutchins, Grainger & Jeffus, Tracy Crawford, Mike Hatchell, Tyler, for appellee.

MOORE, Justice.

Plaintiff Jess G. Bohon instituted suit against defendant, The Travelers Insurance Company, on an accident policy seeking recovery of disability benefits for an accidental injury sustained on April 20, 1969, alleged to have been caused by a fall while getting out of his automobile. Defendant pleaded a general denial and specially denied under a provision in the policy that plaintiff suffered disability resulting "directly and independently of all other causes from accidental bodily injury." The insurance company further pleaded non-liability on the ground that the policy excludes from coverage disability caused or contributed to by disease. Trial was before the court and jury. In response to the special issues, the jury found that (1) appellant Jess G. Bohon suffered an accidental injury on or about April 20, 1969; (2) the injury resulted, directly and independently of all other causes, in total disability of the plaintiff within 20 days; (3) that such total disability continuously prevented, or in reasonable medical probability would prevent, plaintiff from engaging in any occupation or employment for wage or profit for 350 weeks; (4) that stenosis of both carotid arteries of plaintiff did contribute to his disability to the date of trial;

(5) that such condition would not in reasonable medical probability contribute to his disability in the future; (6) that the cerebral vascular arteriosclerosis of plaintiff did not contribute to his disability to the date of trial; (7) that such condition would not in reasonable medical probability contribute to his disability in the future; (8) that the subdural hematoma on the left side of plaintiff's head did not contribute to his disability to the time of trial; and (9) that such condition would not in reasonable medical probability contribute to his disability in the future. Upon motion by the defendant for judgment notwithstanding the verdict, the trial court entered a "take nothing" judgment [1] against plaintiff Jess G. Bohon, from which he perfected this appeal. The parties will hereinafter be referred to as they appeared in the trial court.

By his first four points of error, plaintiff asserts that the trial court erred in disregarding the jury's verdict. He argues that the trial court was not authorized to enter a judgment non obstante veredicto because he contends there was at least some evidence of probative force to support the verdict. We have concluded that the evidence was sufficient to support the jury's finding of disability from April 21, 1969, until October 1, 1969, and accordingly, reverse and remand to the trial court with instructions to enter judgment for the plaintiff for disability benefits under the policy in the amount of $1,207.14.

1. The judgment recited in part as follows: " * * * it further appearing to the Court that the Defendant on the 2nd day of November, 1972, duly filed in this cause a Motion for Judgment non obstante veredicto on the ground that the evidence raised no issue of fact and that a directed verdict for the said Defendant would have been proper, that reasonable notice of said Motion was given as required by law to Plaintiff, and that on hearing thereof both parties came by their attorneys and the Court having heard and considered such Motion, the evidence and argument of the Council, the Court made the following findings: "1. The Court is of the opinion and finds that the evidence is insufficient in law to support the jury verdict on special issue No. 3, and the answer to said issue should be disregarded; "2. The Court finds that there is not evidence in the record to support the submission of an issue, or a finding by the jury that there was continuous total disability, resulting directly and independently of all other causes, from the injury after the twenty-four plus weeks already paid and evidenced by Plaintiff's Exhibit No. 2; "It is accordingly ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff, JESS G. BOHON, take nothing of and from the Defendant, THE TRAVELERS INSURANCE COMPANY."

It is now well settled that to sustain a judgment notwithstanding the verdict, the reviewing court must determine that there was no evidence of probative force on which the jury could have made its findings. Accordingly, in determining the propriety of such a judgment, the evidence adduced on the trial must be considered in the light most favorable to the losing party, conflicts must be disregarded, and every intendment reasonably deducible from the evidence must be indulged in favor of such party and against the judgment. 4 Tex.Jur.2d Appeal and Error, p. 407, sec. 841.

Insofar as pertinent to this appeal, the policy of insurance sued upon insured plaintiff against " * * * loss resulting directly and independently of all other causes from accidental bodily injuries * * *." The particular "loss" sued for was " * * * continuous, total disability * * *" as provided for in Paragraph II.-A of the policy which reads as follows:

" * * * if such injuries, within twenty days after the date of accident, shall result directly and independently of all other causes in total disability which shall continuously prevent the Insured from performing every duty pertaining to his occupation, the Company will pay weekly indemnity at the rate hereinbefore specified for the period of such continuous total disability, but for not exceeding fifty-two consecutive weeks. After the payment of weekly indemnity for fifty-two weeks as aforesaid the Company will continue the payment of weekly indemnity at the same rate thereafter so long as the Insured shall be totally disabled and continuously prevented by such injuries from engaging in any occupation or employment for wage or profit."

The policy contains an exclusionary clause, reading in part as follows:

"The insurance under this Policy shall not cover suicide (sane or insane) or any attempt thereat, or hernia of any type, or the contracting of disease; nor shall it cover any loss caused or contributed to by disease or medical or surgical treatment therefor (except pus forming infection which shall occur through an accidental cut or wound), * * *."

The evidentiary burden incumbent upon one who claims under an accident insurance policy of the type here involved is now settled. The phrase " * * * directly and independently of all other causes * * *" is construed in law to mean the "sole" or "only" cause. Mutual Benefit Health & Accident Association v. Hudman, 398 S.W.2d 110, 112–113 (Tex.Sup.1965); Continental Casualty Co. v. Fountain, 257 S.W.2d 338, 344–345 (Tex. Civ.App., Dallas, 1953, writ ref.). Thus, under such a clause, it is the claimant's burden to prove that the insured's peril was the sole cause of disability, i. e., that it did not concur to any degree with other nonaccidental causes, and mere proof that the insured's peril is "a" cause or even a "but for" cause, within the concept of "proximate cause," is not sufficient. Mutual Benefit Health & Accident Association v. Hudman, supra.

Where the question of disability is one for experts alone, as here, the uncontroverted opinion of the experts are conclusive. Standard Life & Accident Insurance Company v. Roberts, 318 S.W.2d 757 (Tex.Civ.App., Amarillo, 1958, writ dism. w. o. j.); Combined American Insurance Company v. McCall, 497 S.W.2d 350 (Tex.Civ.App., Amarillo, 1973, n. w. h.).

The burden of proving the duration of disability is on the insured. Standard Acc. Ins. Co. v. Cherry, 48 S.W.2d 755 (Tex. Civ.App., Texarkana, 1932, writ ref.).

As stated by defendant in its brief, there is no dispute that plaintiff's policy was in full force and effect at all material times, nor is there any question that the insured was and is totally disabled within the

meaning of the policy. The sole question is whether or not plaintiff sustained his burden of proof that his disability resulted from accident " * * * directly and independently of all other causes * * * " within the meaning of Paragraph II.A.

The evidence shows that on April 20, 1969, plaintiff sustained a fall as he got out of his car in the driveway of a home he owned in the State of Mississippi. The fall immediately caused a black eye and abrasions about the face. He returned to his home in Tyler, Texas, but his physical condition became such that he was hospitalized by his family physician, Dr. Sterling Moore, on April 25, 1969. The examination conducted during this hospitalization revealed plaintiff to be suffering from a number of significant conditions, including: (1) a 70% occlusion of both carotid arteries, (2) advanced arteriosclerosis, (3) a right hemisphere cranial lesion, later proved to be a subdural hematoma, and (4) pulmonary emphysema. The records of that initial hospitalization also reveal that plaintiff had previously suffered (1) vertigo, (2) moderate to severe headaches, (3) dizziness, and (4) personality changes, depression, or withdrawal. While it was not diagnosed during the April 1969 hospitalization, Dr. Moore diagnosed plaintiff as suffering from Parkinsonism secondary to arteriosclerosis as early as March of 1970.

When plaintiff was first admitted to the hospital in April, 1969, Dr. Moore was immediately confronted with the problem of whether to treat first the cranial lesion (subdural hematoma) or the carotid artery stenosis. It was ultimately decided to send plaintiff to Dallas and there he was examined and subsequently underwent an operation for a subdural hematoma on the right side of his skull which, according to Dr. Moore, was probably caused by his fall in Mississippi. After that operation, he returned home and underwent two operations in June and July of 1969 to remove the obstruction in his carotid artery.

Later, in January of 1972, Mr. Bohon underwent two other operations by the same Dallas surgeon for additional subdural hematomas on the left side of his skull. The cause of the latter is not disclosed in the evidence. Dr. Moore testified that the hematomas were compatible with normal occurrences in patients who suffer from arteriosclerosis.

Dr. Moore testified that the arteriosclerosis he had found plaintiff to be suffering from in April of 1969 was the result of a natural aging process and had occurred slowly over a period of years; that he had observed these symptoms of arteriosclerosis —dizziness, depression, falling, fatigue, etc. —at least two years prior to April, 1969, and this was at least partially disabling him during that period. While Dr. Moore testified that plaintiff's fall in Mississippi contributed to, and would contribute to some of his past and future disability, he testified it was not " * * * the sole entity * * * " that contributed to it. He testified he was of the opinion that plaintiff's arteriosclerosis and depression contributed to his past, present, and future disability.

Dr. R. J. Donaldson, who had never treated plaintiff, testified in answer to a lengthy hypothetical question on the issue of causation, that plaintiff's accident " * *. * could be * * * " a cause of plaintiff's disability but he disavowed being able to form any reasonably probable medical opinion as to whether plaintiff's fall probably did, in fact, cause that disability. Specifically, the doctor testified:

"Q. I don't know whether you answered my question or not, Doctor. Is it your opinion that such an injury, caused by such a fall would in all reasonable medical probability cause such a disability as we have described in this state of facts?

"A. Yes, it could have.

"Q. And is it your testimony that it would have, that in your opinion it would have?

"A. I can't say that."

As we view it, Dr. Donaldson's testimony is of no probative force because first he did not testify nor was he asked whether the injury was "the" cause or "the sole cause" of the disability, and secondly, his testimony fails to rise above mere medical possibility. Thus, causal connection is left to surmise and conjecture. Such evidence is not sufficient to prove causation in cases of this type. See Insurance Company of North America v. Myers, 411 S. W.2d 710 (Tex.Sup.1966); Parker v. Employers Mutual Liability Co. of Wisconsin, 440 S.W.2d 43 (Tex.Sup.1969).

It was Mrs. Bohon's testimony that her husband's condition had deteriorated since April of 1969, after his first operation, to the point that he could not perform any portion of his occupational duties, principally because of tremor in his right hand, unsteadiness on his feet, blackouts, and double vision.

We are of the opinion that the foregoing evidence, standing alone, is legally and factually insufficient to sustain plaintiff's burden of proof that the injury was the sole cause of his disability. If this were the only evidence offered by plaintiff, we would affirm the judgment.

But the record reveals plaintiff offered other evidence sufficient to raise a fact issue upon whether the check tendered plaintiff for disability from April 21, 1969, until October 1, 1969, constituted an admission of liability. In this connection plaintiff offered in evidence a check dated December 16, 1970, in the amount of $1,207.14, which if calculated at $50.00 per week as provided by the policy, would represent payment disability for slightly more than 24 weeks. The check was delivered to plain-tiff's attorney but was never presented for payment. Upon the trial, defendant's claims adjuster testified that when he tendered the check, he intended it as an offer of compromise. There is nothing on the face of the check, however, showing that it was intended as a compromise or a release. Moreover, the claims adjuster did not testify that he told the plaintiff's attorney that the check constituted an offer to compromise. Furthermore, there is no evidence that plaintiff or his attorney ever discussed or offered to compromise. According to the claims adjuster, plaintiff's attorney demanded payment in the face amount of the policy.

It is within the discretion of the trial court to determine from the surrounding facts and circumstances whether or not the offer was an independent admission or an offer in compromise. Ditto v. Piper, 244 S.W.2d 547 (Tex.Civ.App., Fort Worth, 1951, writ ref., n. r. e.); Ginsberg v. Selbest Dress, Inc., 238 S.W.2d 621 (Tex.Civ.App., Dallas, 1951, writ ref., n. r. e.); McCormick and Ray, Texas Law of Evidence, 2d Ed. sec. 1142. By admitting the check in evidence, the trial court impliedly ruled that the check constituted an independent admission. Defendant's second cross point contending the court erred in admitting the check in evidence is overruled.

"Payment by the insurer of a claim made under a disability clause of a life contract constitutes an admission against interest and casts upon the insurer the burden of explaining the payment if it thereafter contends that the insured was not in fact disabled within the meaning of the terms of the policy." Sec. 79:184, Couch on Insurance 2d. "An ordinary admission is not conclusive and may be rebutted, the weight to be given such statements being for the jury. * * *" Sec. 79:188, Couch on Insurance 2d. See also McMillan v. Gage, 165 S.W.2d 754 (Tex.Civ.App., Austin, 1942, ref'd, w. o. m.); Bolin Oil Com-

pany v. Staples, 496 S.W.2d 167 (Tex.Civ. App., Fort Worth, 1973, writ ref., n. r. e.) ; Wilson v. Armer Oil Company, 496 S.W.2d 702 (Tex.Civ.App., Fort Worth, 1973, n. w. h.).

Since the jury found by Special Issues one and two that plaintiff's injury resulted in total disability and such total disability had and would endure for 350 weeks, we think the conduct of the insurance company in tendering a check in payment of disability from April 21, 1969, to October 1, 1969, would constitute at least some evidence to support the jury's finding for that period of time. We therefore hold that plaintiff is entitled to judgment on the verdict in the amount of $1,207.14, but further hold that the evidence is legally and factually insufficient to support the finding of disability after October 1, 1969. Defendant's second cross point contends the trial court erred in admitting the check in evidence on the ground that it constituted nothing more than an offer to compromise is overruled.

Apparently, the "take nothing" judgment was based on the hypothesis that no controversy existed between plaintiff and defendant as to disability between April 21, 1969, and October 1, 1969, since the company had already discharged its liability for disability during this period by tendering its check in payment thereof. This, however, is not the case. In denying liability on the policy, the insurance company inferentially denied liability on the check. Furthermore, upon the trial defendant inferentially denied liability on the check by taking the position that it amounted to nothing more than an offer of compromise. The "take nothing" judgment not only had the effect of relieving the insurance company of all liability on the policy, it also had the effect of relieving the company of any liability on the check.

For the reasons stated, the judgment is reversed and remanded to the trial court with instructions to enter judgment in accordance with this opinion.